■ ARNOLD NELSON, On Behalf of Himself and of All Shareholders of Nationwide Measuring Service, Inc., Similarly Situated, Appellant, v NATIONWIDE MEASURING SERVICE, INC., et al., Respondents.—In a stockholder's derivative action, plaintiff appeals from a judgment of the Supreme Court, Nassau County, dated July 14, 1977, which, after a nonjury trial, *inter alia,* dismissed the complaint. Judgment modified by adding thereto a provision that there shall be a hearing as to the validity of the payment from corporate assets of the attorneys' fees incurred by the individual defendants. As so modified, judgment affirmed, without costs or disbursements, and action remitted to Special Term for further proceedings in accordance herewith. In our opinion, the record on appeal supports the conclusion of the trial court that the individual defendants, shareholders and officers of the defendant Nationwide Measuring Service, Inc. (Nationwide), did not commit corporate waste as alleged by plaintiff, also a shareholder and a former president of the corporation. Moneys were concededly paid from corporate assets for personal expenses of the individual defendants. How-

ever, the trial court was justified in holding that the moneys were charged to the individual defendants either as management fees, repayment of loans or other reasonable compensation. Furthermore, evidence adduced at the trial did not warrant (1) removing the individual defendants as officers and directors pursuant to subdivision (d) of section 706 and subdivision (c) of section 716 of the Business Corporation Law or (2) declaring the joint stockholders and directors meetings held on August 31, 1974 and November 15, 1975, null and void. However, although not raised in plaintiff's pleadings, evidence was adduced at the trial that the legal fees of the individual defendants were paid from the corporate funds of Nationwide without approval having been obtained pursuant to the applicable provisions of subdivision (b) of section 724 of the Business Corporation Law. Accordingly, a hearing should be held to determine the validity of such payment. Furthermore, since the trial record indicates that Nationwide and the individual defendants were represented by the same attorney, at the new hearing Nationwide should be represented by counsel other than the one who represented all the defendants at the trial which is the subject of this appeal (see *Russo v Zaharko,* 53 AD2d 663, 666). Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.