STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN ROBELLO SYLVA, also known as John R. Sylva III and John Silva, Defendant-Appellant, and JERRY MEDEIROS, Defendant

NO. 6638

JANUARY 10, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICE MARUMOTO AND CIRCUIT JUDGE LUM ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* Defendant-appellant, John Robello Sylva, appeals the trial court's denial of his motion for deferred acceptance of guilty (DAG) plea made pursuant to Chapter 853, Hawaii Revised Statutes (1976 Repl.) (HRS), after his plea of guilty to a charge of burglary in the second degree, on two grounds: (1) the trial court made an erroneous finding that § 853-4(7) disqualifies him from the benefits of Chapter 853, and (2) the trial court abused its discretion in failing to grant the motion.

At the time of his plea, appellant was 31 years old and without a felony conviction as an adult; although, as a juvenile he had been adjudicated for 36 malicious conversion offenses, three attempted malicious conversion offenses and three burglary offenses and had been committed to Koolau Boys' Home.

The trial court in denying the motion considered "all kinds of factors . . . past record, age of defendant," but in addition, ruled that appellant was statutorily disqualified to a DAG plea because of his juvenile record. A DAG plea would have allowed appellant to maintain an adult record free from a felony conviction. Appellant was sentenced to two weekends in jail and a fine of $200.00.

HRS § 853-4 lists eight classes of offenders to whom the legislature intended to deny the benefit of Chapter 853. The Statute reads:

[§ 853-4 ] Chapter not applicable; when. This chapter shall not apply when:

(1) The offense charged involves the intentional, knowing, reckless, or grossly negligent killing of another person;

(2) The offense charged involves the cruel or reckless bodily injury of another person;

(3) The offense charged involves a conspiracy or solicitation to intentionally, knowingly, or recklessly kill another person or to cause serious bodily injury to another person;

(4) The offense charged is a class A felony;

(5) The offense charged is nonprobationable;

(6) The defendant has been convicted of any offense defined as a felony by the Hawaii Penal Code or has been convicted for any conduct which if perpetrated in this state would be punishable as a felony;

(7) The defendant is found to be a law violator or delinquent child for the commission of any offense defined as a felony by the Hawaii Penal Code or for any conduct which if perpetrated in this state would constitute a felony;

(8) The defendant has a prior conviction for a felony committed in any state, federal, or foreign jurisdiction.

The Court may by rule adopt other criteria in this area.

We are here concerned only with the construction and interpretation of subsection (7); subsections (6) and (8) do not apply because appellant has had no prior conviction.[1]

The State urges that subsection (7) disqualifies appellant from the benefit of a DAG plea because his juvenile record consisted of offenses which would have been felonies if committed by an adult; on the other hand, appellant argues against disqualification because subsection (7) applies exclusively to juveniles waived for adult prosecution. This seeming paradox exists because subsection (7), unlike subsections (6) and (8), is couched in the present tense.

Subsection (7) when read independently of the other subsections appears to be clear and unambiguous; when the

---

[1] HRS § 571-1 reads in part:

. . . .

This chapter creates within this State a system of family courts and it shall be a policy and purpose of said courts to conduct all proceedings to the end that no adjudication by the court of the status of any child under this chapter shall be deemed a conviction; . . . .

language is plain and unmistakable the court is bound by the plain, clear and unambiguous language of the statute. *Matter of Grayco Land Escrow, Ltd.*, 57 Haw. 436, 559 P.2d 264 (1977), *cert. denied*, 433 U.S. 910 (1977); *University of Hawaii v. Leahi Foundation*, 56 Haw. 404, 537 P.2d 1190 (1975). But statutory language must be read in the context of the entire statute and construed in a manner consistent with the purposes of the statutes. *Pacific Insurance Co. v. Oregon Automobile Insurance Co.*, 53 Haw. 208, 490 P.2d 899 (1971); *State v. Ogata*, 58 Haw. 514, 572 P.2d 1222 (1977).

We hold that subsection (7) is ambiguous when read in context of subsections (6) and (8) and the purposes of Chapter 853.[2] When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute an ambiguity exists. *Roe v. Hopper*, 90 Idaho 22, 408 P.2d 161 (1965); *also see* Black's Law Dictionary, 4th ed. p. 105. Uncertainty as to the meaning of a statute may arise from the fact that giving a literal interpretation to the words would lead to such unreasonable, unjust, impracticable, or absurd consequences that they could not have been intended by the legislature. *Chicago Burlington & Quincy Railroad Co. v. Iowa*

---

[2] The purpose of HRS Chapter 853 (1976 Repl.) is best expressed in Senate Com. Rep. No. 616-76 on H.B. No. 2786-76, Senate Journal 1976, p. 1152, which states in part:

> . . . This sentencing alternative is employed in those cases where the interests of both public and the defendant are best subserved by discharging the defendant without a judgment of conviction, after the defendant has successfully completed a probationary period.
>
> Your Committee finds that there are cases wherein the facts and circumstances clearly indicate that the defendants are one-time, situational or accidental offenders who will not engage in further criminal activity and do not pose a threat to the safety of the community. For these offenders, the humiliation and inconvenience of arrest and prosecution satisfy the need for punishment; and a trial and conviction would serve no purpose other than to impair the offenders' educational, employment, and professional opportunities and ability to function as a responsible and productive member of the community.
>
> Your Committee further finds that the DAGP procedure, as a sentencing alternative, has the additional benefit of saving time and money for the criminal justice system without adversely affecting the public interest. It will further relieve the congestion in the courts and enable the criminal justice system to direct its limited resources where they can be most beneficial to the community.

*State Tax Commission,* 259 Iowa 178, 142 N.W.2d 407 (1966); *Huntsville Independent School District v. McAdams,* 148 Tex. 120, 221 S.W.2d 546 (1949).

If, as argued by the State, we were to follow the language of subsection (7) literally, it would mean that every defendant with a juvenile record for offenses which would have been felonies if committed by an adult would be automatically disqualified from the benefits of DAG plea; it would simply make no difference if the defendant happens to have a juvenile record of a single offense incurred at age twelve, and he is before the court with an unblemished adult record as a "one-time, accidental or situational offender." We do not believe that the legislature intended such palpably absurd consequences.

In *State v. Ogata, supra,* at 518, 572 P.2d at 1222, we held that:

> Statutory language must be read in the context of the entire statute, and the harm or evil it seeks to prevent must point the way to its construction. Where statutory language is ambiguous, yet capable of being fairly and reasonably construed, the purpose and objective which moved the legislature to enact it may be determinative of its interpretation. And even where there is no ambiguity, a departure from the literal application of statutory language will be justified if such literal application will lead to absurd consequences. (Citations omitted.)

In order to give subsection (7) a fair and reasonable construction consistent with the purposes of Chapter 853, subsection (7) must be given a limited application. We hold, therefore, that subsection (7) shall be limited to only those cases involving minors over whom the family courts had exclusive original jurisdiction under HRS § 571-11(1) but were waived from the family courts to the criminal courts to be tried as adults pursuant to HRS § 571-22. Invariably, waivers involve serious offenses; we can understand the legislature's concern to deny DAG pleas to such minors. For other defendants with juvenile records who are not before the court on such waivers, and who are not disqualified by any of the other

subsections, the trial court is vested with discretionary authority to either deny or accept DAG pleas.

After a careful review of the record, we hold that the trial judge did not abuse his discretion in this case.

Affirmed.

*Edward K. Placek, Jr.*, for defendant-appellant.

*Togo Nakagawa,* Prosecuting Attorney, City and County of Honolulu (*Timothy A. Liu,* Deputy Prosecuting Attorney, on the brief) for plaintiff-appellee.