■ BEATRICE HAENEL, Individually and as Trustee Under the Wills of JACK EPSTEIN and Another, Deceased, and as a Shareholder of Allmetal Screw Products Company, Inc., Suing on Behalf of Herself and All Other Shareholders Similarly Situated, and in the Right of Said Company, Appellant, v MORRIS EPSTEIN et al., Respondents. — In an action, *inter alia,* for a permanent injunction, plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Burke, J.), dated March 23, 1981, which denied her motion for a preliminary injunction and granted "defendants'" cross motion for summary judgment, and (2) from a judgment of the same court, entered upon the order on April 13, 1981, which, *inter alia,* determined that defendants Epstein and Procton were entitled to indemnification by Allmetal Screw Products Company, Inc., for the expenses they incurred in defense of another action. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting the provision that the individual defendants

are entitled to indemnification and substituting therefor a provision that said defendants are entitled to seek advances from the corporation pursuant to subdivision (c) of section 724 of the Business Corporation Law. As so modified, judgment affirmed. Defendants, appearing separately and filing separate briefs, are awarded one bill of $50 costs and disbursements. Prior to the instant action, plaintiff Beatrice Haenel brought a nonderivative suit against these defendants and others seeking, among other things, to enjoin a board of directors appointed by defendant Epstein pursuant to a 1969 shareholders' agreement from taking any actions and to direct Epstein to agree with her upon a board pursuant to a 1977 agreement, to which only some of the shareholders were parties. By decision dated May 20, 1980 (Spatt, J.), the 1977 agreement was held to be invalid and the complaint was dismissed. This judgment was thereafter appealed and the appeal is still pending. Defendants Procton and Epstein, two directors of defendant Allmetal, notified Sylvan Haenel, the third director and husband of plaintiff, that a special meeting would be held on August 25, 1980 to consider the appointment of Bertram Harnett, pursuant to section 724 (subd [b], par [2]) of the Business Corporation Law, to give an opinion as to whether Procton and Epstein were entitled to indemnification pursuant to section 723 of the Business Corporation Law for their expenses incurred in defense of the initial suit. Over Mr. Haenel's objection, Harnett was appointed and plaintiff commenced this action, *inter alia,* for injunctive relief. Special Term was correct in its determination that defendants Epstein and Procton had met the requirements for indemnification under subdivision (a) of section 723 of the Business Corporation Law, that is, that they had been sued as directors and had acted in good faith for the best interests of the corporation. However, the court was incorrect in its finding that, pursuant to subdivision (a) of section 724 of said law, indemnification of these defendants was "mandatory" as they had been "wholly successful". Where the action for which indemnification is sought is pending on appeal, it cannot be said that the defendant directors have been "wholly successful". Rather, this situation is covered in subdivision (c) of section 724 of the Business Corporation Law, which provides that the corporation may pay the expenses incurred in a civil proceeding brought under section 722 or 723 of the Business Corporation Law in advance of the final disposition in the manner authorized by subdivision (b) of section 724. Under this section, payment is allowed if authorized by the board acting by a quorum of disinterested directors, or, if such quorum is not obtainable with due diligence — as here — section 724 (subd [b], par [2], cl [A]) provides that "indemnification * * * shall be made by the corporation * * * [b]y the board upon the opinion in writing of independent legal counsel that indemnification is proper". Contrary to plaintiff's contention, the appointment of Mr. Harnett was properly made. The individual defendants were not prohibited from voting on his appointment as they were not "interested" within the meaning of section 713 of the Business Corporation Law. Neither would said defendants be disabled from voting on indemnification following a favorable recommendation by the independent counsel, as section 724 (subd [b], par [2], cl [A]), by the use of the term "shall", requires the board to give its approval (see 3 White, New York Corporations [13th ed], par 724.02). We must note, as we did in *Nelson v Nationwide Measuring Serv.* (64 AD2d 606, 607), that the corporation should not be represented by an attorney who also represents one of the individual defendant directors. Mollen, P. J., Mangano, Brown and Rubin, JJ., concur.