MARCEL LUSSIER, Plaintiff-Appellant, *v.* MAU-VAN DEVELOPMENT, INC.; WILHELM KAINZ; ARNOLD HONIGMAN; CURT SCHLAMANN; ROMANCHAK & McNISH, a law partnership; ERIC G. ROMANCHAK; DOUGLAS S. McNISH; UEOKA & LUNA, a law partnership; MEYER M. UEOKA; B. MARTIN LUNA; PAUL M. UEOKA; GARCIA & ADELMAN, a law partnership; WILLIAM J.N. GARCIA; and RONALD S. ADELMAN, Defendants-Appellees

NO. 8429

(CIVIL NO. 5364)

JULY 29, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

This shareholder's derivative action is a sequel to a prior derivative case, *Lussier v. Mau-Van Development, Inc.,* 4 Haw. App. 359, 667 P.2d 804 (1983) (hereinafter *"Lussier I"*), and involves the construction of Hawaii Revised Statutes (HRS) § 416-35 (Supp. 1982). In this derivative case, plaintiff Marcel Lussier (Lussier) appeals from the judgment which dismissed his complaint with prejudice. We reverse.

Defendants Wilhelm Kainz (Kainz), Arnold Honigman (Honigman), and Curt Schlamann (Schlamann), together with Lussier, are the directors of defendant Mau-Van Development, Inc. (Mau-Van), a Hawaii corporation. The other defendants are the law firms and their individual partners who represented the various defendants in *Lussier I.*

In *Lussier I,* the derivative suit which was filed on August 29, 1979, Kainz, Honigman, and Schlamann, as directors and officers, and certain shareholders of Mau-Van, were charged with breach of fiduciary duty, mismanagement, and other misconduct. The jury trial of the case commenced on January 5, 1981. On February 4, 1981, after Lussier had completed his presentation of the evidence, the trial court entered directed verdicts in favor of all defendants. Judgment was entered on February 13, 1981 and Lussier's motion for a new trial was denied on March 9, 1981. On April 6, 1981, Lussier filed his notice of appeal.

On June 10, 1981, while the appeal in *Lussier I* was pending, Lussier filed this derivative action. His complaint alleged that (1) on February 17, 1981, Kainz and Schlamann caused Mau-Van to pay the law firms of Garcia & Adelman $10,000 and Ueoka & Luna $11,346.25 for legal fees incurred by Kainz, Honigman, Schlamann, and other individual defendants in *Lussier I;* (2) on April 1, 1981, Kainz and Schlamann caused Mau-Van to pay to Romanchak & McNish $2,538.78 for legal fees and expenses incurred by Kainz in connection with *Lussier I;* and (3) at a board of directors meeting held on May 20, 1981, Kainz, Honigman, and Schlamann, with Lussier dissenting, "voted to authorize defendant Kainz, as president of Mau-Van, to borrow $170,000, in part to pay federal income taxes owed of $106,000, and in part to pay defendant Adelman

$80,000 in attorneys' fees," the "great bulk" of such fees being incurred in defending Kainz in *Lussier I.* Lussier sought requisite injunctions to enforce Mau-Van's rights and monetary judgments against the defendants.

On July 22, 1981, the trial court granted a motion to dismiss as to all the defendants[1] and on the same day, a judgment was entered dismissing Lussier's complaint with prejudice. Lussier appealed.

I.

The parties agree that the construction of HRS § 416-35(d) is dispositive of this appeal. HRS § 416-35(d) provides:

(d) To the extent that an agent has been *successful on the merits or otherwise* in defense of any proceeding referred to in subsection (b) [non-derivative action] or subsection (c) [derivative action], or in defense of any claim, issue or matter therein, the agent shall be indemnified by the corporation against expenses actually and reasonably incurred by the agent in connection therewith. [Emphasis added.]

HRS § 416-35(a)(1) defines "agent" to include "a director, officer, employee or other agent of the corporation" and HRS § 416-35(a)(2) states that "expenses" include "attorneys' fees."

The parties also agree that if the agent is "successful on the merits or otherwise," indemnification is mandatory under HRS § 416-35(d). However, they fail to agree on what "successful on the merits or otherwise" means. Lussier contends that defendants cannot be "successful on the merits" until the appeal in *Lussier I* has been determined. Defendants argue that the defendants in *Lussier I* were "successful on the merits"

---

[1] On July 2, 1981, Wilhelm Kainz, Garcia & Adelman, William J.N. Garcia, and Ronald S. Adelman filed a motion to dismiss. Mau-Van Development, Inc., Arnold Honigman, Curt Schlamann, Ueoka & Luna, Meyer M. Ueoka, B. Martin Luna, and Paul M. Ueoka joined in the motion.

The order states that all other defendants joined in the motion to dismiss, but the record does not include any joinder filed by defendants Romanchak & McNish, Eric G. Romanchak, and Douglas S. McNish.

when the judgment was entered therein. Inasmuch as the language of HRS § 416-35(d) is of "doubtful meaning," *State v. Tavares*, 63 Haw. 509, 630 P.2d 633 (1981), there is ambiguity which must be resolved by statutory construction. *State v. Sylva*, 61 Haw. 385, 605 P.2d 496 (1980). We agree with Lussier in the construction of HRS § 416-35(d).

II.

In construing statues, the court's objective is to ascertain the intention of the legislature. *Survivors of Medeiros v. Maui Land & Pineapple Co.*, 66 Haw. 290, 660 P.2d 1316 (1983); *In re Hawaiian Telephone Co.*, 61 Haw. 572, 608 P.2d 383 (1980). If possible, legislative intent should be obtained primarily from the language of the statute, *Treloar v. Swinerton & Walberg Co.*, 65 Haw. 415, 653 P.2d 420 (1982), and "statutory language must be read in the context of the entire statute and construed in a manner consistent with the purposes of the statute." *Waikiki Resort Hotel v. City & County*, 63 Haw. 222, 245, 624 P.2d 1353, 1369 (1981) (quoting *State v. Sylva, supra*).

When aids to statutory construction are available, courts should not hesitate "in turning to sources other than the language of the statute itself to ascertain and implement the legislature's intent" of its enactment. *Crawford v. Financial Plaza Contractors*, 64 Haw. 415, 421, 643 P.2d 48, 52 (1982). Courts may resort to legislative history in construing statutes. *Life of the Land v. City & County*, 61 Haw. 390, 606 P.2d 866 (1980); *Kamanu v. E.E. Black, Ltd.*, 41 Haw. 442 (1956). Also, courts may refer to analogous statutes with similar language and dealing with similar subject matter in construing an ambiguous statute. *See Educators Ventures, Inc. v. Bundy*, 3 Haw. App. 435, 652 P.2d 637 (1982).

III.

We now proceed to read subsection (d) in the context of HRS § 416-35 as a whole and construe it in a manner consistent with its purpose.

The law has recognized the need for and has devised the means of punishing corporate directors and officers who

breach their fiduciary duty. Yet, our society acknowledges the importance of developing "methods for the protection of directors and officers against inordinate personal risks, in order to ensure that the most capable people are attracted to business careers." J. Johnston, Jr., *Corporate Indemnification and Liability Insurance for Directors and Officers,* 33 Bus. Law. 1993, 1994 (1978) (hereinafter cited as Johnston). Thus, in enacting indemnification statutes, legislators endeavor to strike a balance "between encouraging fiduciaries to violate their trust, and discouraging them from serving at all." *Id.* at 1994. *See also* W. Knepper, *Liability of Corporate Officers and Directors* § 19.05 (3d ed. 1978); Note, *Indemnification of Corporate Directors: A Disincentive to Corporate Accountability in Indiana,* 17 Val. U. L. Rev. 229 (1983). We believe that our legislature sought to achieve this balance in HRS § 416-35.

We hold that the element of *finality* is essential to the term "successful" in HRS § 416-35(d). It means that if a favorable trial court's decision on the merits or otherwise is appealed, the corporate agent is not "successful" until the entry of a favorable and final appellate ruling.

Legislative history and analogous statutes do not conflict with this holding. Hawaii Revised Statutes § 416-35 was enacted in 1977 as a part of Act 71. 1977 Hawaii Sess. Laws 121. Its legislative history is not illuminating and merely indicates that HRS § 416-35 "is derived from provisions of the Model Business Corporation Act,[2] the Delaware General Corporation Law[3] and the California General Business Law."[4]

---

[2] The Model Business Corporation Act, as modified by the Hawaii legislature, became a part of Hawaii law as Act 167 on June 4, 1983, to become effective July 1, 1986. Hawaii Revised Statutes § 416-35 (Supp. 1982), with slight modification, is § 5 of Act 167.

[3] Del. Code Ann. tit. 8, § 145(c) (1974) reads:

To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in subsections (a) and (b), or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

[4] Cal. Corp. Code § 317(d) (West 1977) provides:

Senate Stand. Comm. Rep. No. 414, 9th Hawaii Leg., Reg. Sess., *reprinted in* Senate Journal 1032 (1977) (footnotes added).

Case law on these analogous statutes is not applicable in our case. Kainz argues that the case of *Galdi v. Berg,* 359 F.Supp. 698 (D. Del. 1973), which construes Del. Code Ann. tit. 8, § 145(c), "is on all fours with the case at bar" and dispositive of this case. However, in neither *Galdi* nor the other cases relied on by Kainz was there an appeal pending from the judgment favorable to the corporate agents. Thus, those cases merely stand for the proposition that a corporate agent is "successful on the merits" if he obtains a favorable judgment which is not appealed.

In *Merritt-Chapman & Scott Corp. v. Wolfson,* 321 A.2d 138, 141 (Del. Super. 1974), the court stated, "Success is vindication." *See* M. Barrett, *Mandatory Indemnification of Corporate Officers and Directors,* 29 Sw. L. J. 727 (1975). Where a judgment has been appealed by an adversary, there is no vindication for the corporate agent sans an appellate affirmation.

*Haenel v. Epstein,* 88 A.D.2d 652, 450 N.Y.S.2d 536 (1982), supports our holding. In *Haenel,* the New York court held:

Where the action for which indemnification is sought *is pending on appeal,* it cannot be said that the defendant directors have been "wholly successful." [Emphasis added.]

*Id.* at 653, 450 N.Y.S.2d at 537. The New York law provides that one "who has been wholly successful, on the merits or otherwise" is entitled to mandatory indemnification. N.Y. Bus. Corp. Law § 724(a), at 939 (McKinney 1963). It differs from HRS § 416-35(d) by the inclusion of the adverb "wholly." However, "wholly successful" means "completely successful" as contrasted to "partially successful." *See id.* comment to

To the extent that an agent of a corporation has been successful on the merits in defense of any proceeding referred to in subdivision (b) or (c) or in defense of any claim, issue or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection therewith.

*See* G. Heyler, *Indemnification of Corporate Agents,* 23 UCLA L. Rev. 1255 (1976).

§ 724; *Johnston, supra,* at 2003. It does not deal with finality. Thus, *Haenel, supra,* is a helpful authority.

Reading HRS § 416-35(d) and HRS § 416-35(f) together supports our holding. HRS § 416-35(f) deals with advance indemnification and provides:

> Expenses incurred in defending any proceeding may be paid by the corporation in advance of the *final disposition of such proceeding* upon receipt of an undertaking by or on behalf of the agent to repay such amount unless it shall ultimately be determined that the agent is entitled to be indemnified by the corporation as authorized in this section. [Emphasis added.]

HRS § 416-35(f) clearly requires finality. A trial court's determination which is pending disposition on appeal is not a "final disposition" of the proceeding. HRS § 416-35(f) permits advance indemnification pending the final disposition of the case at which time it is determined whether indemnification is authorized by the section, including subsection (d), or repayment is necessary based on the undertaking required by subsection (f). *See Johnston, supra,* at 1999.

Hawaii Revised Statutes § 416-35(d) clearly requires indemnification of an agent who has been "successful on the merits or otherwise . . . in defense of any claim, issue or matter" in a proceeding. In *Lussier I,* certain defendants were successful in the defense of certain claims and issues as to which Lussier abandoned the appeal or defendants prevailed on appeal. Those defendants are entitled to be indemnified for their reasonable attorneys' fees pertaining to those claims and issues. Consequently, in the resolution and disposition of this case upon remand, the court should take the foregoing fact into consideration.

IV.

For the first time on appeal defendants argue that Lussier "unjustifiably sought injunctive relief and restitution against the attorneys" of the defendants in *Lussier I.* Since defendants did not present this argument below in support of the motion to dismiss, we will not consider it on appeal. *State v. Robinson,*

50 Haw. 501, 443 P.2d 140 (1968); *Kawamoto v. Yasutake,* 49 Haw. 42, 410 P.2d 976 (1966); *In re Keamo,* 3 Haw. App. 360, 650 P.2d 1365 (1982).

Reversed and remanded.

*Robert A. Smith (Roger C. Lerud* with him on the opening brief) for plaintiff-appellant.

*Ronald S. Adelman* for defendants-appellees Wilhelm Kainz, Garcia & Adelman, William J.N. Garcia, and Ronald S. Adelman.

*Everett Walton (B. Martin Luna* with him on the brief; *Ueoka & Luna,* of counsel) for defendants-appellees Mau-Van Development, Inc., Arnold Honigman, Curt Schlamann, Ueoka & Luna, Meyer M. Ueoka, B. Martin Luna, and Paul M. Ueoka.

*Eric G. Romanchak* and *Douglas S. McNish* on the brief for defendants-appellees Romanchak & McNish, Eric G. Romanchak, and Douglas S. McNish.