**STATE OF HAWAII**, Plaintiff–Appellee, v. **IRA DAUGHERTY**, Defendant–Appellant

NO. 14229

(CR. NO. 89–0051)

NOVEMBER 21, 1990

LUM, C.J., PADGETT, HAYASHI,
WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

The question presented in this appeal is whether Ira Daugherty was properly denied sentencing under the Young Adult Defendant

statute which excludes from its definition a person adjudicated as juvenile for an offense committed at age sixteen or older that would have been a felony had the person been an adult.

We hold that the trial court was correct in concluding that Appellant did not fall within the definition of young adult defendant because of his adjudication as a juvenile. We therefore affirm.

The statute in question, Hawaii Revised Statutes (HRS) § 706–667(1) Young Adult Defendants, states that

> [a] young adult defendant is a person convicted of a crime who, at the time of sentencing, is sixteen years of age or older but less than twenty–two years of age, and who has not been previously convicted of a felony as an adult *or adjudicated as a juvenile for an offense committed at age sixteen or older which would have been a felony had he been an adult.* (Emphasis added).

Appellant offers two contentions for considering Appellant as a young adult defendant. First, Appellant was never "adjudicated" as a juvenile on the terroristic threatening felony offense when he was 17 years old and, therefore, he should not be excluded from the benefit of the statute. Secondly, even if he was adjudicated of a felony as a juvenile, Appellant argues, the definition of young adult defendants must be interpreted to exclude from eligibility only persons the family court has previously waived for adult prosecution. Appellant relies upon *State v. Sylva*, 61 Haw. 385, 605 P.2d 496 (1980), to support this second argument.

As to Appellant's first contention, the record clearly reflects that Appellant was judged and determined as a juvenile offender on the terroristic threatening charge when he was 17 years old. The decree for this charge declared that

> [a]fter full consideration of the admitted evidence, the Court finds that the material allegations of the Petition have been proved beyond a reasonable doubt, and that the minor is a law violator.

The finding by the court that "the minor is a law violator" is sufficient to hold that Appellant had been "adjudicated as a juvenile for an offense committed at age sixteen or older which would have been a felony had he been an adult" and, therefore, is not entitled to be considered a young adult defendant.

In regard to his second contention, Appellant relies upon *State v. Sylva, supra,* which, because of an ambiguity in HRS Chapter 853, construed a similarly worded exclusion to apply only to persons waived from family court for adult prosecution. Appellant attempts to analogize our ruling on HRS § 853–4(7) to the Young Adult Defendant provision, arguing that the definition of young adult defendants excludes from eligibility only persons the family court has previously waived for adult prosecution.

We do not find *Sylva* applicable. No ambiguity exists in the Young Adult Defendants Section, HRS § 706–667(1). In fact, in *Sylva* we stated that "when the language is plain and unmistakable the court is bound by the plain, clear and unambiguous language of the statute." *State v. Sylva,* 61 Haw. at 387–88, 605 P.2d at 498.

Appellant seems to argue that, by not allowing Appellant to be considered a young adult defendant, this court would be inconsistent with *Sylva* and create an absurdity. A juvenile not waived for adult prosecution could be eligible for a deferred acceptance of guilty plea under *Sylva,* but he could not be considered a young adult defendant. The problem with that argument is that it assumes that this court is obligated to reconcile such differences in the pertinent legislative acts which may be premised upon different policy considerations.

Affirmed.

*Theodore Chinn (Mary Ann Barnard* with him on the brief), Deputy Public Defenders, for Defendant–Appellant.

*Stephen A. Levine,* Deputy Prosecuting Attorney, for Plaintiff–Appellee.