**Lorraine M. NAKAMURA, Plaintiff,**

v.

**INDUSTRIAL INSURANCE COMPANY OF HAWAII, LTD., Defendant.**

Civ. No. 92–00040 DAE.

United States District Court,
D. Hawaii.

July 24, 1992.

Paul D. Schmeding, David M. Robinson, Daniel E. Chur, Robinson Ferrara & Chur, Honolulu, Hawaii, for plaintiff.

Arthur F. Roeca, Keith K. Hiraoka, Jodie D. Roeca, Roeca Louie & Hiraoka, Honolulu, Hawaii, for defendant.

## ORDER GRANTING DEFENDANT INDUSTRIAL INDEMNITY COMPANY'S MOTION FOR SUMMARY JUDGMENT

DAVID A. EZRA, District Judge.

Industrial Indemnity Company's ("Industrial")[1] motion for summary judgment came on for hearing before this court on July 20, 1992. Daniel Chur, Esq., appeared on behalf of plaintiff Lorraine Nakamura ("Nakamura") and Jodie Roeca, Esq., appeared on behalf of Industrial. The court, having considered the arguments made at the hearing on this matter, and having reviewed the moving papers and records and files herein, hereby GRANTS the motion.

### BACKGROUND

Industrial provided motor vehicle insurance and workers' compensation insurance for Bromar Inc., Nakamura's employer ("employer"). In August 1985, Nakamura was involved in an auto accident while driving a vehicle owned by her employer and insured by Industrial. Nakamura subsequently filed claims seeking workers' compensation and no-fault wage loss benefits. Industrial paid Nakamura her workers' compensation benefits until a settlement was reached in August 1991, and last paid her wage loss benefit on October 14, 1985. Industrial's Motion for Summary Judgment, Affidavit of Patrick Nii.

In December 1985, Nakamura was laid off. Although Nakamura rejected a job offer by a different employer in January 1986, she continued to seek medical treatment for injuries arising from her auto accident.

In March 8, 1990, Nakamura sought treatment from Dr. Myron Berney for temporomandibular joint ("TMJ") syndrome. In January 1991, Dr. Berney certified that Nakamura was on "full disability" from March 8, 1990, as a result of TMJ syndrome and related injuries from her auto accident. Nakamura's Memorandum In Opposition, Exhibit G.

In February 1991, Nakamura filed for no-fault wage loss benefits for the period between March 8, 1990, through June 3, 1991, the date she returned to work. Industrial denied her claim explaining that she failed to show evidence of secured gainful employment. Industrial's Notice of Removal filed on January 24, 1992, Exhibit A.

On December 27, 1991, Nakamura filed a complaint against Industrial alleging breach of contract.[2] Industrial now moves this court for summary judgment claiming Nakamura's suit is barred by the statute of limitations.

### DISCUSSION

#### I. Standard of Review

■ Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party has the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir.1979). In a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party. *State Farm Fire and Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir. 1989).

---

1. Proper title of defendant is Industrial Indemnity Company, not Industrial Insurance Company of Hawaii, Ltd. as listed in the caption.

2. Complaint was initiated in Circuit Court of the First Circuit, State of Hawaii, but removed to federal court by Industrial under 28 U.S.C. § 1441.

## II. *The Statute Of Limitations Bars Any Suit Brought After Two Years From The Date Of An Accident Or Date Of Last Payment*

The issue before this court is whether Nakamura's suit for additional benefits almost six years after the date of her auto accident and last payment from Industrial, is barred by the statute of limitations. In part, Hawaii Revised Statutes section 431:10C–315 states that:

(a) No suit shall be brought on any contract providing no-fault benefits or any contract providing optional additional coverage more than, the later of:

(1) Two years from the date of the motor vehicle accident upon which the claim is based;

(2) Two years after the last payment of no-fault or optional additional benefits; [3]

Here, it is undisputed that Industrial's last benefit payment to Nakamura, as a result of her auto accident, was on October 14, 1985. Nakamura's present lawsuit against Industrial was filed on December 27, 1991. Almost six years have elapsed since the date of Nakamura's auto accident and the date of her last payment from Industrial. Under section 431:10C–315, Nakamura's present lawsuit is barred by the two-year statute of limitations.

Nakamura, however, argues that under section 431:10C–305,[4] the statute of limitations was tolled so long as she was receiving workers' compensation benefits.[5] Nakamura's Memorandum In Opposition at 3.

The appellate courts of Hawaii have not addressed squarely the issue of whether section 431:10C–305 tolls section 431:10C–315's two-year statute of limitations for suits brought under contracts providing no-fault benefits. Under the Erie doctrine, the court has the task of deciding this issue based on how Hawaii's supreme court would likely rule. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), *Amfac Mortg. Corp. v. Arizona Mall of Tempe,* 583 F.2d 426, 434–435 (9th Cir.1978).

 Upon review of the records and relevant authorities, the court finds that section 431:10C–305 does *not* toll section 431:10C–315's statute of limitations. Section 431:10C–305 merely holds that a workers' compensation claim shall be paid prior to any no-fault benefit payments. The language does not state, nor will this court imply, that section 431:10C–305 is an exception to section 431:10C–315(a)'s two-year statute of limitations. Moreover, it is clear on the face of section 431:10C–315 that the legislature considered the effect of receiving workers' compensation benefits on the limitation period for bringing suit seeking no-fault benefits. The legislature specifi-

---

**3.** In whole, Hawaii Revised Statutes § 431:10C–315 states:

(a) No suit shall be brought *on any contract* providing no-fault benefits or any contract providing optional additional coverage more than, the later of:

(1) Two years from the date of the motor vehicle accident upon which the claim is based;

(2) Two years after the last payment of no-fault or optional additional benefits;

(3) Two years after the entry of a final order in arbitration; .or

(4) Two years after the entry of a final judgment in, or dismissal with prejudice of, a tort action arising out of a motor vehicle accident, where a cause of action for insurer bad faith arises out of the tort action.

(b) No suit arising out of a motor vehicle accident shall be brought *in tort* more than, the later of:

(1) Two years after the date of the motor vehicle accident upon which the claim is based;

(2) Two years after the date of the last payment of no-fault or optional additional benefits; or

(3) Two years after the date of the last payment of workers' compensation or public assistance benefits arising from the motor vehicle accident. (Emphasis added).

**4.** Section 431:10C–305 states that all "no-fault benefits shall be paid secondarily and net of any benefits a person is entitled to receive because of the accidental harm from workers' compensation laws...." Haw.Rev.Stat. § 431:10C–305(b)(2) (1991).

**5.** Although Nakamura admits she received *both* workers' compensation and wage-loss benefits after her auto accident, she now argues that the statute of limitations is tolled as she "was only entitled to workers' compensation benefits, and could not apply for no-fault benefits." Nakamura's Memorandum In Opposition at 6, Affidavit of Counsel at 4.

cally chose to provide that the payment of workers' compensation benefits would toll the time for bringing a suit in a *tort* action, but did not include such a tolling provision in suits arising from no-fault *contracts*. *See* section 431:10C–315(a) and (b)(3), note 3 *supra*.[6] A primary objective of Hawaii's No–Fault Law is to "expedite the settling of all claims." *Wiegand v. Allstate Insurance Companies*, 68 Haw. 117, 121, 706 P.2d 16 (1985). Allowing a longer period for individuals to file claims would undermine this purpose and would give the insurer a disincentive to promptly pay a disputed loss. *Id.*

Hence, in applying the plain language of section 431:10C–315, Nakamura's suit for breach of contract for non-payment of no-fault benefits must be dismissed as her lawsuit was not filed within two years after receipt of her last benefit payment. Where the language of a statute is "plain and unmistakable the court is bound by the plain, clear and unambiguous language." *State v. Daugherty*, 71 Haw. 609, 611, 801 P.2d 553 (1990) (citing *State v. Sylva*, 61 Haw. 385, 387–388, 605 P.2d 496 (1980)).

## CONCLUSION

The court finds no genuine issue as to any material fact. For the reasons stated above, the court hereby GRANTS Industrial's motion for summary judgment.

IT IS SO ORDERED.

---

6. Nakamura also argues that she lacked standing to claim work-loss differential benefits until March 8, 1990, when her physician certified her as fully disabled. Nakamura's Memorandum In Opposition at 6. This argument has no merit. As discussed above, the applicable statute of limitations provides that claimants have up to two years from the date of the accident or last payment to file a suit for additional benefits. Industrial's last payment was made in 1985 and Nakamura filed suit in 1991. It is therefore irrelevant to the statute of limitations question that Nakamura was certified fully disabled as a result of her August 1985 accident.