DOROTHY ZERESTA FRANKS, Plaintiff–Appellee, v. CITY AND COUNTY OF HONOLULU, Defendant, Third–Party Plaintiff–Appellant, v. DILLINGHAM CONSTRUCTION PACIFIC, LTD., dba HAWAIIAN DREDGING & CONSTRUCTION CO., INC.; OAHU CONSTRUCTION CO., INC., Defendants–Appellees, and MURODA & ASSOCIATES, INC.; ERNEST K. HIRATA & ASSOCIATES, INC.; WILLIAM HEE & ASSOCIATES, nka ENGINEERS SURVEYORS HAWAII, INC.; SOILS INTERNATIONAL; and SMITH, YOUNG & HIDA, INC., nka SMITH YOUNG & ASSOCIATES, INC., Third–Party Defendants–Appellees, and KULIOUOU VALLEY ASSOCIATES; KIKUO YANAGI; BLACKFIELD HAWAII CORPORATION; EXCEL REALTY, INC.; HOAPILI & PARTNERS, nka INDEPENDENT TRUCKERS & ASSOCIATES; KURO BUILDERS, INC.; HAWAII HOUSING AUTHORITY OF THE STATE OF HAWAII; HOUSING FINANCE DEVELOPMENT CORPORATION OF THE STATE OF HAWAII; JOHN DOES 1–50; JANE DOES 1–50; DOE PARTNERSHIPS 1–50; DOE CORPORATIONS 1–50; DOE ENTITIES 1–50; and DOE GOVERNMENTAL UNITS 1–50, Defendants

NO. 15533

(CIV. NO. 90–1320)

JANUARY 20, 1993

MOON, ACTING C.J., AND LEVINSON, J., AND
INTERMEDIATE COURT OF APPEALS CHIEF
JUDGE BURNS, IN PLACE OF CHIEF JUSTICE
LUM, RECUSED; INTERMEDIATE COURT OF
APPEALS ASSOCIATE JUDGE HEEN, IN PLACE
OF ASSOCIATE JUSTICE KLEIN, RECUSED;
AND CIRCUIT COURT JUDGE SPENCER, IN
PLACE OF ASSOCIATE JUSTICE WAKATSUKI,
RECUSED/DECEASED

## OPINION OF THE COURT BY MOON, J.

Defendant, third–party plaintiff–appellant City and County of Honolulu (City) appeals from the orders 1) denying its motion to declare its claim unsuitable for action before the Design Professional Conciliation Panel (DPCP) and 2) granting third–party defendant–appellee Engineers Surveyors Hawaii, Inc.'s (ESH) motion to dismiss the City's third–party complaint, in which third–party defendant–appellee Soils International (Soils) joined. On appeal, the City asserts it was entitled to move for a determination that its negligence claim against ESH and Soils was unsuitable for DPCP review under Hawaii Revised Statutes (HRS) § 672–2.1 (1985), and thus, did not have to wait until the DPCP issued a decision under HRS § 672–8 (1985) before instituting action based upon its claim in circuit court. We agree.

### I.

This action originated with the filing of a complaint on May 2, 1990 by plaintiff–appellee Dorothy Zeresta Franks (Franks) against the City and numerous other defendants for damage to her property allegedly due to the development of two subdivisions adjacent to her property. Franks owns a parcel of upgraded real property in Kuliouou Valley, Honolulu. Her property is directly south of the Kau Hale Aupuni O Kuliouou Subdivision (Kau Hale) and directly north of the Kuliouou Circle Cluster Subdivision (Kiliouou Cluster). The City's Department of Public Works had issued grading permits for the Kau Hale and Kuliouou Cluster subdivisions. The City's Building Department had also issued building permits for the construction of residences within both subdivisions. The

development of Kau Hale entailed alteration of the natural water run–off for this area and construction of a replacement drainage system. Franks essentially alleges that the defendants were negligent in the design, construction, grading, excavation, and development of the subdivisions and that the City negligently issued grading and construction permits. Franks contends that, as a result of the defendants' negligence, her property has sustained damages due to the instability of her land.

The City filed a third–party complaint in circuit court against ESH and Soils, as well as other third–party defendants who were not parties to the original suit, seeking contribution and indemnification. The City alleged, *inter alia*, that Franks's injuries and damages were the result of ESH and Soils's professional negligence in the design of grading plans and soils analysis of the area, and that the City essentially relied upon their findings in issuing the grading and construction permits.

ESH, later joined by Soils, moved to dismiss the City's third–party complaint on the grounds that the City was statutorily precluded from proceeding with litigation in the circuit court because it instituted action without first having filed and prosecuted its claim before the DPCP in accordance with the provisions of HRS ch. 672.[1] The City then filed its claim with the DPCP and moved the circuit court to declare the action unsuitable for DPCP review

---

[1] The relevant provisions of HRS ch. 672 provide:

§ 672–2 **Actions against architects, professional engineers, surveyors, and landscape architects**. In any action for damages arising out of the alleged professional negligence of actions performed in the professional practice of a person holding a license as a professional engineer, architect, surveyor, or landscape architect under chapter 464, before the time of filing the complaint,

pursuant to HRS § 672–2.1.[2]   Specifically, the City asserted that "[w]hether or not the Third–Party Defendant design professionals were negligent in the design of the grading plans and soils analysis is an issue that is an integral part of the litigation in this case."

Following a hearing on both motions, the circuit court granted ESH's motion and dismissed the City's third–party complaint against ESH and Soils on the basis that the City could not institute litigation in circuit court until the DPCP issued a decision and a party to the hearing rejected the panel's decision under HRS § 672–8.  With respect to the City's motion for determination of unsuitability, the circuit court accepted ESH's position that the

---

the aggrieved person shall file a claim with the design professional conciliation panel.

   § 672–4 **Review by panel required; notice; presentation of claims; termination.** (a) Any person or the person's representative claiming that a tort has been committed by the design professional or entities employing such design professionals shall file a claim with the department of commerce and consumer affairs before a suit based on the claim may be commenced in any court of the State.

   § 672–8 **Subsequent litigation; excluded evidence.** The claimant may institute litigation based upon the claim in an appropriate court only after a party to the design professional conciliation panel hearing rejects the decision of the panel.

HRS §§ 672–2, 672–4, 672–8 (1985).

[2] HRS § 672–2.1 provides in relevant part:

   Any party or any person served with notice of a claim may file a motion with the circuit court in the judicial circuit in which the claim arose for a determination that the subject matter of the dispute is unsuitable for review by a panel under this chapter; provided that no such application may be filed within ten days of the date on which the claim is scheduled to be heard by a panel or after such a hearing has taken place.

HRS § 672–2.1 (1985).

phrase "any party or any person served with notice of a claim," HRS § 672–2.1, was limited to respondents in a DPCP proceeding, and thus, only design professionals had the right to file a motion for determination of unsuitability. Consequently, the court concluded that the City lacked standing to bring the unsuitability motion. The circuit court later denied the City's motion for reconsideration of the order denying its motion for determination of unsuitability, certified as final the order granting ESH's motion to dismiss, and entered judgment in favor of ESH. This timely appeal followed.

## II.

In relevant part, HRS § 672–2.1 provides that "*[a]ny party or any person served with notice of a claim* may file a motion . . . for a determination that the subject matter of the dispute is unsuitable for review by [the design conciliation panel.]" (Emphasis added.) The City contends that the language of the statute allows any party to the DPCP proceeding or any person served with notice of claim to move for a determination of unsuitability. On the other hand, ESH and Soils urge this court to interpret the phrase to mean "any party or any person who is served with notice of a claim may move for a determination of unsuitability," thereby limiting the right to do so only to design professionals.

## A.

The interpretation of a statute is a question of law reviewable *de novo*. When construing a statute, our foremost obligation "is to ascertain and give effect to the intention of the legislature" which "is to be obtained primarily from the language contained in the statute itself." *In re Hawaiian Telephone Co.*, 61 Haw. 572, 577, 608 P.2d

383, 387 (1980); *accord **Gorospe v. Matsui**,* 72 Haw. 377, 379, 819 P.2d 80, 81 (1991). We must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose. ***In re Doe Children**,* 73 Haw. 15, 20, 827 P.2d 1144, 1146 (1992). "When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute an ambiguity exists." ***State v. Sylva**,* 61 Haw. 385, 388, 605 P.2d 496, 498 (1980). If the statutory language is ambiguous or doubt exists as to its meaning, "[c]ourts may take legislative history into consideration in construing a statute." ***Life of the Land, Inc. v. City Council**,* 61 Haw. 390, 447, 606 P.2d 866, 899 (1980).

We disagree with Soils' assertion that the phrase "any party or any person served with notice of a claim" is plain and unambiguous because, in our view, the phrase fails to clearly delineate who may file a motion in circuit court for a determination of unsuitability. Therefore, we turn to the legislative history of the statute for guidance in construing it.

In 1981, the legislature enacted HRS ch. 672, which established the DPCP and the procedures for filing claims against design professionals. The original purpose was to benefit design professionals by preventing "individuals from becoming involved in frivolous and costly suits" and to assure "that only reasonable and meritorious claims are brought to the [c]ourt's attention . . . result[ing] in the savings of time and money of all involved." Hse. Stand. Comm. Rep. No. 963, in 1981 House Journal, at 1348; *see also* 1981 House Journal at 784. At the time the legislature enacted chapter 672, parties who suffered personal injury or property damage as a result of construction activities would sue practically everyone connected with the design, construction, and development of the project

involved. 1981 House Journal at 784. The Senate Committee on Judiciary reported:

> Testimony submitted by the American Institute of Architects of Hawaii and the Consulting Engineers Council of Hawaii indicates the desirability of providing a procedure that would eliminate unnecessary court actions. Testimony submitted by the Construction Industry Legislative Organization, Incorporated indicates that many frivolous claims are brought against those who may have no connection whatever with the cause of the injury. But because of the technicality of the cases and the inexperience on the part of the judge to determine justification for including a particular person in the action, individuals are unnecessarily forced to go through the costly procedure of defending themselves.

Sen. Stand. Comm. Rep. No. 575, in 1981 Senate Journal, at 1159. Thus, it is clear that by creating the DPCP, the legislature intended to establish "a preliminary review procedure in actions against" design professionals where a panel of experts could sort out and review the facts of a case, hear both sides, and render findings and advisory opinions on the issue of liability and damages without subjecting the design professionals to frivolous and costly suits in the court. Hse. Stand. Comm. Rep. No. 819, in 1981 House Journal, at 1284; see also 1981 House Journal at 784.

However, by 1985, the legislature noted that

> the panel process is facing a substantial number of cases for which that process is clearly inappropriate. A case such as the Aloha Stadium steel litigation, as well as slip–and–fall and highway

design cases are examples of matters which were never intended to go before these panels and the panel process has served merely to frustrate and delay such litigation.

Sen. Stand. Comm. Rep. No. 513, in 1985 Senate Journal, at 1100; *see also* Hse. Stand. Comm. Rep. No. 678, in 1985 House Journal, at 1315. Therefore, the legislature promulgated HRS § 672–2.1 and noted that:

The bill provides that *the parties* may seek a determination from the circuit court that a case is unsuitable for handling by the panels. That provision should result in a substantial revision of the panel's current and future docket and permit the panel process to concentrate on cases which can be handled by an informal mechanism.

*Id.* (emphasis added).

Based upon the legislative history and the legislature's general use of the term "the parties," without specific language limiting access to a determination of unsuitability in circuit court to those persons specifically served with notice of a claim (that is, a design professional), we believe that the use of the word "party" in HRS § 672–2.1 should be given its general legal meaning.[3] Thus, "any party" may reasonably be interpreted to mean any person or entity involved in a DPCP proceeding, including claimants.

---

[3] "Party" refers to

those by or against whom a legal suit is brought, whether in law or in equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons; all others who may be affected by the suit, indirectly or consequently, are persons interested but not parties.

BLACK'S LAW DICTIONARY 1112 (6th ed. 1990).

Furthermore, we note that in another section of HRS ch. 672, specifically HRS § 672–4, the phrase "the parties involved" is used in referring to all the parties to the DPCP proceeding. The statute also specifically refers to "the claimant" in those instances where a distinction between the claimant and the respondents in the DPCP proceeding is necessary; where such a distinction is not required, the statute uses the phrase "a party." *See, e.g.*, HRS §§ 672–4(a) and 672–8.[4] As this court has previously stated,

> [t]hat a particular interpretation given to a word or phrase in one section of the statute may have an impact on the interpretation of the same word or phrase in another section should be clear and in the absence of an express intention to the contrary, words or phrases used in two or more sections of a statute are presumed to be used in the same sense throughout.

---

[4] HRS § 672–4(a) provides in relevant part:
*The claimant* shall set forth facts upon which the claim is or may be based . . . . The times originally set forth in the notice may be changed by the chairperson, on due notice to *all parties*, for good cause; provided that *a party* requesting the rescheduling of the hearing . . . shall be required . . . to additionally compensate the panel[.]

HRS § 672–4(a) (1985) (emphasis added).

HRS § 672–8 provides in pertinent part:

> *The claimant* may institute litigation based upon the claim in an appropriate court only after *a party* to the design professional conciliation panel hearing rejects the decision of the panel.

> . . . [N]or shall *any party* to the design professional conciliation panel hearing, or the counsel or other representative of *such party*, refer or comment thereon[.]

HRS § 672–8 (1985) (emphasis added).

*Rodrigues v. State*, 52 Haw. 156, 168, 472 P.2d 509, 518 (1970). Moreover, we acknowledge that

> [i]t is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute.

*State v. Wallace*, 71 Haw. 591, 594, 801 P.2d 27, 29 (1990) (quoting *Camara v. Agsalud*, 67 Haw. 212, 215–16, 685 P.2d 794, 797 (1984)).

Clearly, the use of the term "party" means any person or entity involved in the DPCP proceeding. Thus, when we attribute that same meaning to the phrase "any party or any person served with notice of a claim," "any party" is not limited to only respondents or design professionals. We believe this interpretation is consistent with the legislature's purpose in enacting ch. 672 and in modifying it to include HRS § 672–2.1, which was intended to permit the panel process to focus on those cases that could be handled by an informal mechanism such as the DPCP.

Moreover, to preclude any particular litigant from seeking a determination of unsuitability would be contrary to one of the purposes of the statute — the savings of time and money. We emphasize that even if a design professional prevailed at the DPCP level, he or she could still be subjected to further litigation if a party rejects the decision of the panel. *See* HRS § 672–8. Thus, allowing a design professional to institute an action and seek a determination of unsuitability, prior to a final decision of the panel, would obviate the time and expense caused by the DPCP review process. Additionally, in the event a party believed that the claim against him or her was frivolous or

without merit, that party would then have ready access to appropriate mechanisms at the circuit court level, such as motions for summary judgment or to dismiss. More importantly, such mechanisms would have a binding effect on the parties, which a DPCP decision does not. *See* HRS § 672–8.[5] In this way, if successful, a design professional would also be spared the time and expense of protracted litigation.

Therefore, based on the legislative history and our reading of HRS § 672–2.1, we conclude that the phrase "any party or any person served with notice of a claim" is not limited to design professionals, or respondents, but includes claimants.[6]

---

[5] *See supra* note 1.

[6] We note that the 1992 legislature amended HRS § 672–2.1. *See* HRS § 672–2.1 (Supp. 1992). We also note that this court has used subsequent legislative history or amendments to confirm its interpretation of an earlier statutory provision. *See **Methven–Abreu v. Hawaiian Ins. & Guar. Co.**,* 73 Haw. 385, 393–94 & n.6, 834 P.2d 279, 284 & n.6 (1992); ***Mollena v. Fireman's Fund Ins. Co. of Hawaii, Inc.**,* 72 Haw. 314, 324–25, 816 P.2d 968, 973 (1991). The 1992 amendments included: 1) deletion of the phrase "or any person served with notice of a claim;" 2) inclusion of an additional factor that the court may consider in determining whether the subject matter of a dispute is unsuitable for DPCP review; and 3) inclusion of the following paragraph: "For the purpose of any such application [for determination of unsuitability,] there shall be a rebuttable presumption that the subject matter is unsuitable for review by a panel under this chapter where the claim against the design professional arises out of a third–party action in pending litigation." HRS § 672–2.1 (Supp. 1992). With respect to the deletion of the phrase "any person served with notice of a claim," the legislature stated: "The proposed amendments . . . *clarify that any party to a DPCP claim, not just the respondent, may seek a determination from the circuit court that the dispute is unsuitable for review by the DPCP*[.]" Hse. Stand. Comm. Rep. No. 629–92, in 1992 House Journal, at 1127 (emphasis added).

## B.

ESH also contends that the City was statutorily precluded from proceeding with litigation in the circuit court because it instituted action without first having filed and prosecuted its claim before the DPCP in accordance with HRS § 672–8. We acknowledge that HRS § 672–8 clearly provides that claimant "may institute litigation . . . *only after a party to the design professional conciliation panel hearing rejects the decision of the panel.*" HRS § 672–8 (1985) (emphasis added). However, "even absent statutory ambiguity, departure from literal construction is justified when such construction would produce an absurd and unjust result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act." *Hawaiian Ins. & Guar. Co. v. Financial Sec. Ins. Co.*, 72 Haw. 80, 807 P.2d 1256 (1991). Because we have concluded that under HRS § 672–2.1 any party, including claimants, may move to have their claim determined unsuitable for DPCP review, a literal reading of HRS § 672–8 would obviously be inconsistent with the legislative purpose in promulgating HRS § 672–2.1 in the first instance. Moreover, it is apparent that a literal application would produce an absurd and unjust result because claimants would be compelled to complete the DPCP process under HRS § 672–8 when their claim might be unsuitable for review by the DPCP according to the factors outlined in HRS § 672–2.1. Thus, we conclude that the purposes and policies of HRS ch. 672 would best be fulfilled by allowing claimants to institute an action in circuit court to seek a determination of DPCP unsuitability prior to a decision of the panel. Consequently, the City had standing to bring a motion for determination of unsuitability.

## III.

Based on the foregoing, we vacate the trial court's order denying the City's motion to declare its claims unsuitable for action before the DPCP and the court's order granting ESH's motion to dismiss the City's third–party complaint, in which Soils joined. The case is remanded to the circuit court for a determination of unsuitability pursuant to HRS § 672–2.1.

On the briefs:

*Robin M. Kishi*, Deputy Corporation Counsel, for defendant, third–party plaintiff–appellant.

*Neil F. Hulbert* and *John H. Donegan* (of Hong, Iwai, Hulbert & Kawano) for third–party defendant–appellee Engineers Surveyors of Hawaii, Inc.

*Bruce M. Ito* and *Diane W. Wong* (of Libkuman, Ventura, Ayabe, Chong & Nishimoto) for third–party defendant–appellee Soils International.