SAMUEL D. BRONSON, et al., v. JACOB COPPICK, et al.;

### RECISSION OF CONTRACT. *Lunacy.*

A conveyance made in a lucid interval, and in the presence of several adult members of his family, by a person subject to occasional fits of mental derangement, and at a fair price, will not be set aside especially when long acquiesced in, and where by reason of lapse of years and subsequent conveyances, it is impossible to place the par *in statu quo.*

Mc KINNEY, J., delivered the opinion of the Court:

The decree is against the decided preponderance of the proof, and must be reversed. This clearly establishes that John Moser was subject to occasional paroxysms of mental derangement, with intermissions of longer or shorter duration, during which his capacity for the

transaction of buisness seems not to have been materially impaired. The weight of the proof is, that at the time of the contract with Coppick, Moser was in the the possession of his ordinary powers of mind ; that Coppick was a stranger, and ignorant of Moser's occasional previous derangement ; that the price paid for the same was its fair value ; that the sale was approved and acquiesced in by the family of Moser, *several of whom* at the time were of full age : and that the transaction on the part of Coppick was free from any imputation of fraud or unfairness. Upon this state of facts, leaving out of view the fact of acquiescence for the period of thirteen years before the filing of the present bill, and the additional fact that by reason of subsequent conveyances by Coppick of parts of said land to different parties, the parties can not now be placed in *statu quo*, it is clear that the bill cannot be maintained.

*Decree reversed and bill dismissed.*

Effect of lapse of time on bill for recission. Phillips ˙v. Hollister, 2 Cold. 269, 278 ; Hotchkiss v. Fortson, 7 Yerg. 57 ; Peck v. Bullard, 2 Humph. 42 ; Humbard v. Humbard, 3 Head, 100. But lapse of time will not bar the right of a person *non composmentis* to a recission. Alston v. Boyd, 6 Humph. 505.

Further as to effect of lapse of time, on a bill for recission, see Smith v. Babcocks, 2 Wood B. & M. 246.