**Electronically Filed
Supreme Court
SCWC-17-0000361
10-DEC-2021
07:52 AM
Dkt. 9 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellant,

vs.

COREY THOMPSON,
Petitioner/Defendant-Appellee.

SCWC-17-0000361

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000361; FC-CR NO. 3FC16100320K)

DECEMBER 10, 2021

RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND WILSON, JJ.,
AND CIRCUIT JUDGE SOMERVILLE, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY NAKAYAMA, J.

Pursuant to Hawaiʻi Revised Statutes § 805-1, the State must ensure that a criminal complaint is supported by either (1) the complainant's signature or (2) a declaration submitted in lieu of an affidavit.

Respondent/Plaintiff-Appellant State of Hawaiʻi (the State) charged Petitioner/Defendant-Appellee Corey Thompson

(Thompson) by complaint with the offense of abuse of a household or family member.  Critically, the complaint was neither signed by a complainant nor supported by a declaration.  The State consequently did not comply with its statutory obligation to perfect the complaint.  In turn, the family court erred in issuing a penal summons.  We therefore reverse the Intermediate Court of Appeals' (ICA) June 15, 2020 Judgment on Appeal.

## I.    BACKGROUND

**A.    Family Court Proceedings.**[1]

On November 23, 2016, the State charged Thompson with abuse of family or household member, in violation of Hawaiʻi Revised Statutes (HRS) § 709-906(1),[2] via complaint.  The complaint consisted of a single page signed by a deputy prosecuting attorney.  The complaint did not bear any other signatures, and the State did not attach a declaration or an affidavit to the complaint.

Based on the complaint, the clerk of the Family Court of the Third Circuit (family court) issued a penal summons compelling Thompson to appear in the Kona district court on January 11, 2017.

---

[1]    The Honorable Ronald Ibarra presided.

[2]    HRS § 709-906(1) (Supp. 2016) provides in relevant part: "It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]"

2

On January 11, 2017, Thompson appeared in family court in response to the penal summons. On March 2, 2017, Thompson filed a "Motion to Dismiss for Penal Summons Issued Absent Probable Cause Affidavit, Complaint Lacking Supporting Affidavit, and Improper Arraignment" (motion to dismiss). Thompson asserted that the family court should dismiss the case for three reasons. First, the complaint was deficient because it was "not by declaration, and it does not contain the required sworn affidavit," as required by HRS § 805-1.[3] Second, because the complaint was deficient, the family court lacked probable

---

[3] HRS § 805-1 (2014) provides:

> Complaint; form of warrant. When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court. If the original complaint results from the issuance of a traffic summons or a citation in lieu of an arrest pursuant to section 803-6, by a police officer, the oath may be administered by any police officer whose name has been submitted to the prosecuting officer and who has been designated by the chief of police to administer the oath, or the complaint may be submitted by declaration in accordance with the rules of court. Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the judge shall issue a warrant, reciting the complaint and requiring the sheriff, or other officer to whom it is directed, except as provided in section 805-3, to arrest the accused and to bring the accused before the judge to be dealt with according to law; and in the same warrant the judge may require the officer to summon such witnesses as are named in the warrant to appear and give evidence at the trial. The warrant may be in the form established by the usage and practice of the issuing court.

cause to issue the penal summons under HRS § 805-3.[4]  Third, in
the absence of a supporting affidavit or declaration, the State
could not arraign Thompson in compliance with Hawaiʻi Rules of
Penal Procedure (HRPP) Rule 5(b)(1),[5] which requires the State to

---

[4]    HRS § 805-3 (2014) provides:

> Summons in what cases.  Where, from the complaint, it
> appears to the district judge that the offense charged
> therein is not of a serious nature, or not one for which a
> severe penalty should be imposed, and where the person
> complained against is so situated as to raise no
> presumption of the person's attempting to elude justice in
> the premises, the district judge may, in the district
> judge's discretion (unless the complainant in writing
> requests the immediate arrest of the alleged offender),
> issue the district judge's summons, wherein shall be
> recited the substance of the complaint, commanding the
> alleged offender to appear before the district judge upon a
> time to be therein stated, not less than twenty-four hours
> from the time of service of summons, and then and there to
> answer the charge.  The summons shall contain a warning to
> the person summoned that failure to obey the same will
> render the person liable to attachment for contempt.

[5]    HRPP Rule 5(b)(1) (2014) provides in relevant part:

> (1) Arraignment.  In the district court, if the
> offense charged against the defendant is other than a
> felony, the complaint shall be filed and proceedings shall
> be had in accordance with this section (b).  A copy of the
> complaint, including any affidavits in support thereof, and
> a copy of the appropriate order, if any, shall be furnished
> to the defendant.  . . . .  When the offense is charged by
> complaint, arraignment shall be in open court, or by video
> conference when permitted by Rule 43.  The arraignment
> shall consist of the reading of the complaint to the
> defendant and calling upon the defendant to plead thereto.
> . . . .  The defendant may waive the reading of the
> complaint or the recitation of the essential facts
> constituting the offense charged at arraignment . . . .  In
> addition to the requirements of Rule 10(e), the court
> shall, in appropriate cases, inform the defendant of the
> right to jury trial in the circuit court and the defendant
> may elect to be tried without a jury in the district court.

give Thompson "[a] copy of the complaint, including any affidavits in support thereof[.]" (Emphasis omitted.)

Following briefing from the State and a hearing, the family court issued its Findings of Fact/Conclusions of Law Granting Defendant's Motion to Dismiss for Penal Summons Issued Absent Probable Cause Affidavit, Complaint Lacking Supporting Affidavit, and Improper Arraignment (dismissal order). As relevant here, the family court determined that

> As the complaint in this case is fatally defective due to a lack of supporting affidavit as required by HRS §805-1, the penal summons was issued upon a faulty complaint, and the arraignment was improper for failure to provide Defendant with the supporting affidavit, this case must be dismissed without prejudice.

**B.  ICA Proceedings.**

The State appealed the dismissal order to the ICA. The State claimed that the phrase "declaration in accordance with the rules of court" was ambiguous insofar as "[t]here is no definition of or allusion to a specific rule of court." In the absence of any identified rule, the State asserted that the only relevant rule of court was HRPP Rule 7.[6] The State thereby

---

[6]    HRPP Rule 7 (2012) provides in relevant part:

> (a) <u>Use of Indictment, Information, or Complaint.</u> The charge against a defendant is an indictment, a superseding indictment, an information, or a complaint filed in court . . . .
>
> . . . .
>
> (d) <u>Nature and Contents.</u>  The charge shall be a plain, concise and definite statement of the essential

5

argued that the complaint was not defective because it complied with the requirements identified in HRPP Rule 7(d).

The State added that the district court did not err in issuing the penal summons because HRPP Rule 9(a)(1) does not discuss probable cause in the context of issuing a summons, while HRPP Rule 9(a)(2) explicitly requires probable cause for a warrant to issue.[7]

Lastly, the State asserted that the text of HRPP Rule 5(b)(1) does not require that all complaints be accompanied by

---

facts constituting the offense charged. . . . . A complaint shall be signed by the prosecutor. . . . .

[7]     HRPP Rule 9 (2017) provides in relevant part:

Obtaining the Appearance of Defendant

(a) Methods.

(1) Summons. Upon request of the prosecutor, the clerk shall issue a summons for a defendant named:

(i) in the complaint;
(ii) in the indictment; or
(iii) in the information.

When a defendant is a corporation or any legal entity other than a natural person, a summons instead of a warrant shall issue to an authorized representative of the entity.

(2) Warrant. The court may order issuance of a warrant instead of a summons upon request of the prosecutor; provided however, that no warrant shall issue:

(i)   Upon a complaint unless it appears from the sworn complaint, or from affidavit(s) or declaration(s) filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it[.]

an affidavit, and therefore any failure to provide an affidavit did not render the arraignment improper.

In a published opinion, the ICA held that Thompson and the family court were correct that "Section 805-1 required the Complaint to be signed by the complainant under oath or made by declaration in lieu of an affidavit consistent with HRPP Rule 47(d)."[8]  The ICA therefore determined that the complaint against Thompson did not comply with HRS § 805-1.

Nevertheless, the ICA decided that a non-compliant complaint could still be used to initiate and maintain a prosecution by penal summons.  The ICA reasoned that the crucial element for initiating and maintaining a prosecution is the prosecutor's signature – and not a complainant's signature – for two reasons.  First, the ICA noted that HRPP Rule 7 was amended in 2008 to remove the option that a complaint "shall be sworn or

---

[8]    HRPP Rule 47(d) (2000) provides:

> (d) Declaration in Lieu of Affidavit.  In lieu of an affidavit, an unsworn declaration may be made by a person, in writing, subscribed as true under penalty of law, and dated, in substantially the following form:
>
> "I, _____, declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.
>
> Dated:
>
> _____
> (Signature)"

affirmed in writing before the prosecutor by the complaining witness and be signed by the prosecutor."[9]  Second, the ICA read this court's decisions in Territory v. Williams, 41 Haw. 348 (Haw. Terr. 1956), and State v. Knoeppel, 71 Haw. 168, 785 P.2d 1321 (1990), as supporting the proposition that a complaint only needs to be signed by a prosecutor to initiate and maintain a criminal prosecution.  The ICA therefore concluded that the family court erred in dismissing the complaint even though it did not comply with HRS § 805-1.

Additionally, the ICA agreed with the State that a district court may issue a penal summons on a non-compliant complaint because HRPP Rule 9(a) "distinguishes between a penal summons and an arrest warrant, requiring a probable cause showing for issuance of a warrant, but not for issuance of a penal summons."  Thus, the ICA concluded that the district court did not err in issuing the penal summons.

The ICA also agreed that Thompson was properly arraigned because HRPP Rule 5(b)(1) only obligates the State to provide defendants with affidavits when such affidavits exist. Relying on the premise that the State did not need an affidavit to initiate the prosecution against Thompson, the ICA reasoned

_____

[9]    HRPP Rule 7(d) (2000) provided in relevant part that "[a] complaint shall be signed by the prosecutor, or it shall be sworn to or affirmed in writing before the prosecutor by the complaining witness and be signed by the prosecutor[.]"

that there was no need for the State to provide Thompson with a document that the State did not need to produce.

## II.   STANDARDS OF REVIEW

### A.   Statutory Interpretation

The interpretation of a statute is a question of law which this court reviews de novo.  State v. Ruggiero, 114 Hawai'i 227, 231, 160 P.3d 703, 707 (2007).

### B.   Interpretation of Court Rules

"When interpreting rules promulgated by the court, principles of statutory construction apply."  State v. Baron, 80 Hawai'i 107, 113, 905 P.2d 613, 619 (1995) (quoting State v. Lau, 78 Hawai'i 54, 58, 890 P.2d 291, 295 (1995)).

### C.   Motion to Dismiss Charge

> "A [trial] court's ruling on a motion to dismiss [a charge] is reviewed for an abuse of discretion."  State v. Akau, 118 Hawai'i 44, 51, 185 P.3d 229, 236 (2008) (citation omitted).

> The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant.  The burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it.

> State v. Wong, 97 Hawai'i 512, 517, 40 P.3d 914, 919 (2002) (citation omitted).

State v. Hinton, 120 Hawai'i 265, 273, 204 P.3d 484, 492 (2009).

### III. DISCUSSION

**A.   The State may not request a penal summons using a complaint that does not comply with HRS § 805-1.**

> **1.   The State must comply with the requirements of HRS § 805-1 when filing a complaint for a penal summons.**

On application for writ of certiorari, Thompson asserts that the ICA erred in holding that a complaint used to seek a penal summons need not satisfy the requirements of HRS § 805-1.  Thompson is correct.

It is well-established that "when [a statute's] language is plain and unmistakable[,] the court is bound by the plain, clear and unambiguous language of the statute."  State v. Sylva, 61 Haw. 385, 387-88, 605 P.2d 496, 498 (1980).

Hawaiʻi law provides for only a single type of criminal complaint regardless of whether the complaint is used to initiate proceedings through an arrest warrant or a penal summons.  Pursuant to HRS § 805-1,

> When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court.

These statutory obligations apply regardless of whether the State uses the complaint to seek a penal summons or an arrest warrant.  Notably, HRS § 805-1 goes on to provide that

> Upon presentation of the written complaint to the judge in whose circuit the offense allegedly has been committed, the

10

> judge shall issue a warrant, reciting the complaint and requiring the sheriff, or other officer to whom it is directed, <u>except as provided in section 805-3</u>, to arrest the accused and to bring the accused before the judge to be dealt with according to law[.]

(Emphasis added.)  In turn, HRS § 805-3 explains that

> Where, <u>from the complaint</u>, it appears to the district judge that the offense charged therein is not of a serious nature, or not one for which a severe penalty should be imposed, and where the person complained against is so situated as to raise no presumption of the person's attempting to elude justice in the premises, the district judge may, in the district judge's discretion (unless the complainant in writing requests the immediate arrest of the alleged offender), issue the district judge's summons[.]

(Emphasis added.)  In other words, once the State provides the district court with a complaint that complies with HRS § 805-1, only then may the district court choose to issue a penal summons if certain requirements are met.  <u>See</u> <u>id.</u> §§ 805-1, 805-3.

The requirements of HRS § 805-1 therefore apply to all criminal complaints, regardless of whether the State uses the complaint to seek a penal summons or an arrest warrant.

**2.  Pursuant to HRS § 805-1, a complaint must either be signed by a complainant or supported by a declaration in lieu of an affidavit.**

Although HRS § 805-1 unambiguously obligates the State to either have a complaint subscribed under oath by a complainant or make the complaint by declaration in accordance with the rules of court, the phrase "made by declaration in accordance with the rules of court" is ambiguous.  In particular, the statute does not identify the "rules of court" to which the declaration must conform.  <u>See</u> HRS § 805-1.

11

"When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists." Gray v. Admin. Dir. of the Court, 84 Hawaiʻi 138, 148, 931 P.2d 580, 590 (1997).

> Where the words of a law are ambiguous
> (1)  The meaning of the ambiguous words may be sought by examining the context with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning.
> (2)  The reason and spirit of the law, and the cause which induced the legislature to enact it, may be considered to discover its true meaning.
> (3)  Every construction which leads to an absurdity shall be rejected.

HRS § 1-15 (2009).  "Moreover, the courts may resort to extrinsic aids in determining the legislative intent.  One avenue is the use of legislative history as an interpretive tool."  Gray, 84 Hawaiʻi at 148, 931 P.2d at 590 (quoting State v. Toyomura, 80 Hawaiʻi 8, 18-19, 904 P.2d 893, 903-04 (1995)).

The legislative history of HRS § 805-1 establishes that the legislature intended for complaints "made by declaration in accordance with the rules of court" to be complaints made or accompanied by declarations in lieu of affidavits.  When the legislature amended HRS § 805-1 to provide prosecutors with the option to make complaints by declaration, the Senate Committee on Judiciary and Labor explained that "allowing the use of declarations in lieu of affidavits for arrest citations and traffic crime complaints is consistent with current rules of court, and would not harm the offender's right

12

to challenge the veracity of the officer."  S. Stand. Comm. Rep. No. 1194, in 2007 Senate Journal, at 1557-58 (emphasis added).  Similarly, the judiciary submitted testimony that the amendment "would also authorize an alternative form for verification of arrest citations and traffic crime complaints by allowing the issuing or complaining officer to verify the citation or complaint by declaration.  Declarations in lieu of affidavits are authorized by court rules."  Judiciary, Testimony to the Senate Committee on Judiciary and Labor on H.B. 1204, 24th Leg., Reg. Sess. (Mar. 9, 2007) (Hon. Russel Nagata, District Court, First Circuit) (emphasis added); see also Judiciary, Testimony to the Senate Committee on Judiciary and Labor on S.B. 1520, 24th Leg., Reg. Sess. (Feb. 26, 2007) (Hon. Corinne Watanabe, ICA).  Thus, this elaboration that declarations in lieu of affidavits were allowed by court rules demonstrates that the legislature intended to allow for complaints made or accompanied by "declarations in lieu of affidavits."

    Here, HRPP Rule 47(d) is the applicable rule of court pertaining to declarations in lieu of affidavits.  Pursuant to Hawaiʻi Family Court Rules (HFCR) Rule 81(c) (2015), "[c]ases for adults charged with the commission of a crime coming within the jurisdiction of the family courts shall be governed by the Hawaiʻi Rules of Penal Procedure."  In turn, the only HRPP Rule

13

that describes how a declaration in lieu of an affidavit may be made is HRPP Rule 47(d).[10]

Thus, in order to comply with HRS § 805-1, the underlying complaint should have been subscribed under oath by the complainant or made by declaration in lieu of an affidavit in conformity with HRPP Rule 47(d).

### 3. A complaint that does not comply with HRS § 805-1 constitutes a fatally defective complaint, upon which a penal summons may not issue.

Although the ICA acknowledged that the underlying complaint did not comply with HRS § 805-1's requirements, it nevertheless held that the district court may issue a summons on a non-compliant complaint. In particular, the ICA reasoned that the State did not need to establish probable cause to request a penal summons. However, by focusing on the issue of probable cause, the ICA overlooked the preliminary question of whether a district court may issue a penal summons upon a complaint that does not comply with HRS § 805-1. It may not.

The courts must give effect to the State's statutory obligations. As previously discussed, when the text of a

---

[10] The State argued before the ICA that "HRPP Rule 47(d) concerns Motions" because HRPP Rule 47(a)-(c) addresses motions. However, HRPP Rule 47's title, "Motions, Affidavit or Declaration, and Responses," identifies three related but distinct subjects: (1) motions, (2) affidavits or declarations, and (3) responses. See HRPP Rule 47. Further, HRPP Rule 47 is categorized under the HRPP's "General Provisions" heading. We therefore disagree that the "declaration[s] in lieu of affidavit" identified in HRPP Rule 47(d) may only be filed alongside motions.

14

statute is clear, "the court is bound by the plain, clear and unambiguous language of the statute." Sylva, 61 Haw. at 387-88, 605 P.2d at 498. Again, HRS § 805-1 unambiguously requires the State to ensure that complaints are either subscribed under oath by a complainant or accompanied by a declaration in lieu of an affidavit. Supra at 10-14. Given that the legislature recognized the need to protect "the offender's right to challenge the veracity of the [accuser]," we cannot say that the State's failure to comply with HRS § 805-1's requirements constitutes a mere formal defect for which dismissal is not warranted under HRPP Rule 7(d). S. Stand. Comm. Rep. No. 1194, in 2007 Senate Journal, at 1557-58. Thus, the courts must hold the State to its obligations under HRS § 805-1 before granting the State a penal summons. Sylva, 61 Haw. at 387-88, 605 P.2d at 498.[11]

Our holding that a defective complaint may be dismissed is not without precedent. For instance, this court held in Knoeppel that "[t]he absence of the prosecutor's signature in the complaint . . . rendered the complaint fatally

_____

[11]  Notably, an incomplete complaint that does not comply with HRS § 805-1, HRPP Rule 7(d), or both is distinguishable from an insufficient charge. In the case of an incomplete complaint, the State does not satisfy the threshold requirements articulated by HRS § 805-1 or HRPP Rule 7(d). See, e.g., Knoeppel, 71 Haw. at 171, 785 P.2d at 1322. By contrast, when a charge is insufficient, the defendant is deprived of due process. See State v. Wheeler, 121 Hawaiʻi 383, 391, 219 P.3d 1170, 1178 (2009) (quoting State v. Jendrusch, 58 Haw. 279, 281, 567 P.2d 1242, 1244 (1977)).

defective." 71 Haw. at 171, 785 P.2d at 1322. Given that the prosecutor bears "the responsibility of determining whether or not to instigate a formal criminal proceeding," the omission of the signature was not a mere formal defect and therefore constituted "a proper ground for dismissal[.]" Id. Similarly, the Tennessee Court of Criminal Appeals has explained that when a State obtains a warrant based on a defective complaint, "[t]he State could have dismissed the defective warrant and reinstituted proceedings against the Defendant through, for instance, re-arrest, indictment, or presentment." State v. Wilson, 6 S.W.3d 504, 507 (Tenn. Crim. App. 1998).

Consequently, the ICA erred in holding sub silentio that the State need not comply with its statutory duties. In turn, the ICA also erred in concluding that "the Complaint was not defective and the penal summons was properly issued."

B. **The State did not satisfy its burden of showing that the family court abused its discretion in dismissing the complaint without prejudice.**

Although the State acknowledges that the complaint did not comply with the requirements of HRS § 805-1, it contends that the family court erred in dismissing the complaint without prejudice. In particular, the State asserts that if there is no probable cause to support a complaint, HRPP Rule 5(b)(2) only authorizes the court to release the defendant on his or her own

16

recognizance, not dismiss the complaint without prejudice.  This argument is flawed for two reasons.

First, the family court dismissed the complaint without prejudice because it did not comply with the requirements of HRS § 805-1.  The presence of probable cause, or lack thereof, was therefore irrelevant to the family court's dismissal of the complaint.

Second, nothing in the text of HRPP Rule 5(b)(2) precludes a trial court from dismissing a non-compliant complaint.  The rule provides:

> The plea shall be entered in accordance with the provisions of Rule 11.  The defendant shall not be entitled to a preliminary hearing; provided that <u>if a defendant, having been arrested without a warrant, is held in custody for a period of more than 48 hours,</u> Rule 45 notwithstanding, after the defendant's initial appearance in court without a commencement of trial, <u>the defendant shall be released to appear on the defendant's own recognizance unless the court finds</u> from a sworn complaint or from an affidavit or affidavits filed with the complaint or pursuant to subsection (a)(2) of this rule <u>that there is probable cause to believe that an offense has been committed and that the defendant has committed it</u>; provided further that if the defendant demands a jury trial under subsection (b)(3) of this rule, the court shall, upon the defendant's motion, discharge the defendant unless probable cause is found as aforesaid.

HRPP Rule 5(b)(2) (2014) (emphasis added).  Consequently, unless there is a showing of probable cause, a trial court is obligated to release an arrested defendant who has been held in custody without an arrest warrant for more than forty-eight hours.  <u>See id.</u>  However, nothing in the rule prevents the trial court from dismissing a complaint that does not comply with HRS § 805-1.

17

Having failed to identify any "rule[] or principle[] of law or practice" that barred the family court from dismissing the complaint without prejudice, the State has not made "a strong showing" to establish any abuse of discretion.  See Wong, 97 Hawai'i at 517, 40 P.3d at 919.  This court therefore cannot say that the family court abused its discretion in dismissing the complaint without prejudice.  Id.

### IV.  CONCLUSION

In light of the foregoing, HRS § 805-1 does not distinguish between complaints for penal summons and complaints for arrest warrants.  The ICA therefore erred in holding that the State need not comply with its statutory obligations simply because it sought a penal summons.

Accordingly, we reverse the ICA's June 15, 2020 Judgment on Appeal, which vacated the family court's April 17, 2017 Findings of Fact/Conclusions of Law Granting Defendant's Motion to Dismiss for Penal Summons Issued Absent Probable Cause Affidavit, Complaint Lacking Supporting Affidavit, and Improper Arraignment.

William H. Jameson Jr.
for petitioner

Charles E. Murray III
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Rowena A. Somerville