**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000342**
**18-MAY-2023**
**07:58 AM**
**Dkt. 62 SO**

NO. CAAP-22-0000342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ADANACIO PRIMO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(CASE NO. 2DTC-21-000275)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Adanacio Primo (**Primo**) appeals from the (1) February 25, 2022 "Findings of Fact, Conclusions of Law and Order [(**FOFs/COLs**)] Denying [Primo]'s Motion to Dismiss," and (2) April 20, 2022 "Judgment and Notice of Entry of Judgment," both entered and filed by the District Court of the Second Circuit (**District Court**),[1] convicting Primo of Operating a Vehicle after License and Privilege have been Suspended or Revoked for Operating a Vehicle Under the Influence

---

[1] The Honorable Blaine J. Kobayashi presided.

of an Intoxicant (**OVLPSR-OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a).

On appeal, Primo raises a single point of error, contending that the District Court "erred in denying Primo's motion to dismiss Count 5 of the State's Second Amended Complaint," and with respect to the FOFs/COLs, specifically challenges FOF 2[2] and COLs 1, 1(a), 1(c), 1(f), the last sentence of 1(g), 1(h), 2, 2(a), the second sentence of 2(b), and the second to the last and last sentences of 2(f).[3]

---

[2] While Primo includes a challenge to FOF 2 within the point, Primo presents no argument in support. See Hawai'i Rules of Appellate Procedure Rule 28(b)(7) (requiring argument on the points presented). The challenge to FOF 2 is waived. See id. ("Points not argued may be deemed waived.").

[3] The challenged COLs state:

CONCLUSIONS OF LAW

1. The requirements of Hawai'i revised [sic] Statute [sic] ("HRS") § 805-1 and Thompson do not apply where the State did not seek an arrest warrant or penal summons contemporaneously with the filing of the Complaint.

a. HRS § 805-1 is concerned with cases where the prosecution seeks an arrest warrant or penal summons contemporaneously with the filing of a complaint. Stated differently, the requirements of the statute do not apply where the defendant is already in custody or has posted bail/bond when a complaint is filed against them.

. . . .

c. Although HRS § 805-1 provides requirements for the filing of a complaint, it also requires the issuance of an arrest warrant upon presentation of the complaint. Simply, it would be inapposite for a court to issue an arrest warrant for a defendant who is already in custody by virtue of a previously issued arrest warrant or a warrantless arrest. To potentially subject a defendant to two warrants of arrest – and potentially two bail amounts – or issue a warrant to a defendant who is already in custody cannot be within the contemplation of the statute.

. . . .

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Primo's point of error as follows, and affirm.

---

f. HRS § 805-1 is only concerned with cases where the prosecution seeks an arrest warrant or penal summons concomitantly with the filing of a complaint. Its requirements do not apply to the instant case, where the prosecution did not seek an arrest warrant or penal summons along with the filing of the complaint.

g.  . . . [Thompson] did not hold that the reach of the statute extends to cases where a complaint is not used to seek either.

h. Accordingly, HRS § 805-1 and Thompson do not apply to the instant case, where the prosecution did not seek an arrest warrant or penal summons contemporaneously with the filing of the complaint.

2. The State's Second Amended Complaint complies with HRS § 805-1.

a. Assuming *arguendo* HRS § 805-1 applies to the instant case, the State's Second Amended Criminal Complaint complies with HRS § 805-1 because it contains a declaration in accordance with the Rules of Court.

b.  . . . The second amended complaint in this case complies with the requirements of HRS § 805-1 and Thompson because it contains a declaration in compliance with all applicable rules of court.

. . . .

f.  . . . The rules of court have no other requirements to perfect a complaint, nor does Thompson impose any further prerequisites for the filing of a complaint. The amended complaint in this case was perfected by a "declaration in accordance with the rules of court," exactly as required by HRS § 805-1 and Thompson, when it was signed by the prosecutor pursuant to Rule 7(d) and declared under Rule 47(d). Unlike the complaint in Thompson, the complaint in this case complies with HRS § 805-1.

(Internal footnote omitted).

The following background is from the District Court's findings and from the record.[4]  On September 29, 2021, Primo was issued a citation for Leaving the Scene of Accident Involving Vehicle Damage, Inattention to Driving, Reckless Driving, and Driving Without Valid License, and was ordered to appear in the Wailuku District Court on November 4, 2021.  FOF 1.  On September 30, 2022, the State filed an Amended Complaint.  FOF 2.  On December 10, 2021, the Hawaiʻi Supreme Court issued State v. Thompson, 150 Hawaiʻi 262, 267, 500 P.3d 447, 452 (2021).[5] FOF 6.  On January 21, 2022, Primo filed a Motion to Dismiss, arguing that the Amended Complaint was "fatally defective" pursuant to Thompson and HRS § 805-1, which require that the complaint "be subscribed under oath by the complainant or made by declaration in lieu of an affidavit[.]"  FOF 7.  On February 9, 2022, the State filed a Second Amended Complaint (**SAC**), adding a declaration pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 47(d) by the prosecutor who authored the SAC, that stated:  "I [] declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief[.]" FOF 8.  "The State did not seek an arrest warrant or penal summons contemporaneously with the filing of the [SAC] or at any time in this case[.]"  FOF 3.

On February 9, 2022, the State filed a Memorandum in Opposition to the Motion to Dismiss, in which the State argued that the SAC was only required to comply with HRPP Rule 7(d),

---

[4]     "[U]nchallenged findings of fact are binding upon appellate courts."  State v. Rodrigues, 145 Hawaiʻi 487, 497, 454 P.3d 428, 438 (2019) (citations omitted).

[5]     In Thompson, 150 Hawaiʻi at 267-68, 500 P.3d at 452-53, the Hawaiʻi Supreme Court held that failure to comply with HRS § 805-1 renders a complaint "fatally defective," and that such a complaint cannot be used to support the issuance of an arrest warrant or penal summons.

and that HRS § 805-1 only applies to a complaint requesting a penal summons.

At a February 16, 2022 hearing on the Motion to Dismiss, the District Court denied the motion. On February 25, 2022, the District Court filed its FOFs/COLs, in which it concluded in COL 1 that HRS § 805-1 and <u>Thompson</u> were not applicable where the State "did not seek an arrest warrant or penal summons[.]" In COL 2, the District Court concluded that if HRS § 805-1 and <u>Thompson</u> did apply, the SAC complied with the statute.

At the April 20, 2022 bench trial, the State's motion to dismiss with prejudice all counts except for count 5, OVLPSR-OVUII was granted, and Primo was tried and convicted of OVLPSR-OVUII. This appeal followed.

Primo argues that the District Court erred in denying the Motion to Dismiss because the State's SAC was defective under HRS § 805-1,[6] as no witness with direct observations of Primo's misconduct executed a "sworn affidavit" or "declaration in lieu of affidavit" that the allegations contained in the SAC were true and correct. Primo argues that the District Court erred in COL 1 in concluding that the "requirements of HRS § 805-1 do not apply when the State does not seek to obtain an arrest or penal summons[.]" Primo further argues that the District Court erred in COL 2 in concluding that if HRS § 805-1

---

[6]    HRS § 805-1 (2014) provides:

> **§805-1. Complaint; form of warrant.** When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court. . . .

did apply, "the declaration language in the State's [SAC] satisfied the requirement of the statute."[7]  Primo's arguments are without merit, in light of State v. Mortensen-Young, 152 Hawaiʻi 385, 526 P.3d 362 (2023).[8]

Whether a complaint complied with an applicable statute and/or rule is a question of law we review *de novo*. Thompson, 150 Hawaiʻi at 266, 500 P.3d at 451.  "A trial court's ruling on a motion to dismiss charge is reviewed for an abuse of discretion."  Id. at 266-67, 500 P.3d at 451-52 (internal citation, brackets, and quotation marks omitted) (quoting State v. Hinton, 120 Hawaiʻi 265, 273, 204 P.3d 484, 492 (2009)).  COLs are reviewed under the "right/wrong" standard and will not be overturned when supported by the "trial court's [FOFs]" and reflect an "application of the correct rule of law[.]" Mortensen-Young, 152 Hawaiʻi at 392, 526 P.3d at 369 (citation and internal quotation marks omitted).

In Mortensen-Young, the Hawaiʻi Supreme Court held that HRS § 805-1 applies only to criminal complaints used to obtain a penal summons or arrest warrant.  Id. at 397, 526 P.3d at 374. In other cases, such as the OVUII prosecutions at issue in Mortensen-Young, HRPP Rule 7[9] provides the proper framework to

---

[7]     We do not address this argument in light of our disposition.

[8]     On May 1, 2023, the State filed a statement of supplemental authority, stating that Mortensen-Young, which the supreme court issued on March 15, 2023, "clarifies" Primo's single point of error. **[JROA dkt. 58 at 2.]**

[9]     HRPP Rule 7(d) states, in pertinent part:

**Rule 7. INDICTMENT, INFORMATION, OR COMPLAINT.**

. . . .

analyze the sufficiency of complaints. Id. at 399, 526 P.3d at 376. In Mortensen-Young, the supreme court held that each of the appellees was properly charged with the offense of OVUII by a complaint signed by the prosecutor, pursuant to HRPP Rule 7(d), which does not require that a "'charging instrument in a misdemeanor case be signed by anyone other than a prosecutor'" or be "'subscribed under oath or made by declaration in lieu of an affidavit by anyone.'" Id.

Here, as in Mortensen-Young, HRS § 805-1 is inapplicable because the SAC was not used to obtain a penal summons or arrest warrant. The SAC set forth a concise and definite statement of the essential facts, was signed by the prosecutor, and referenced the statute that Primo allegedly violated, as required by HRPP Rule 7(d). The SAC was sufficient to initiate the subject OVLPSR-OVUII prosecution, and Primo's contention is without merit. See id. at 397, 399, 526 P.3d at 374, 376. COL 1 was correct, and it is not necessary to address COL 2, which was an alternative conclusion "[a]ssuming *arguendo* HRS § 805-1 applie[d]." See id. at 392, 526 P.3d 369. The District Court did not abuse its discretion in denying the Motion to Dismiss. See Thompson, 150 Hawaiʻi at 266-67, 500 P.3d at 451-52.

For the foregoing reasons, we affirm the (1) February 25, 2022 "Findings of Fact, Conclusions of Law and Order Denying [Primo]'s Motion to Dismiss," and (2) April 20,

---

(d) **Nature and contents**. The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . A complaint shall be signed by the prosecutor. The charge need not contain a formal conclusion or any other matter not necessary to such statement. . . . The charge shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. . . .

7

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

2022 "Judgment and Notice of Entry of Judgment," both entered and filed by the District Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, May 18, 2023.

On the briefs:

William H. Jameson, Jr.,
Public Defender
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge