**<u>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000376
18-MAY-2023
07:55 AM
Dkt. 60 SO**

NO. CAAP-22-0000376

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MALUSIO LATU, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-21-01135)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Malusio Latu (**Latu**) appeals from the (1) January 27, 2022 "Order and Notice of Entry of Order," (2) May 11, 2022 "Judgment and Notice of Entry of Judgment," and (3) February 23, 2022 "Findings of Fact, Conclusions of Law, and Order [(**FOFs/COLs**)] Denying [Latu]'s Motion to Dismiss," all entered and filed by the District Court of the Second Circuit (**District Court**),[1] convicting Latu of Operating a Vehicle Under

---

[1] The Honorable Lauren M. Akitake presided over the January 27, 2022 Motion to Suppress hearing and filed the "Order and Notice of Entry of Judgment" and the FOFs/COLs. The Honorable Christopher M. Dunn presided over

the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and (3).

On appeal,[2] Latu contends that: (1) the "trial court abused its discretion when it failed to apply the provisions of <u>State v. Thompson</u>,[3] to dismiss the complaint," and with respect to the FOFs/COLs denying the motion to dismiss, specifically challenges COLs 1(a), 1(b), 1(c), 1(d), 2(a), and 2(c);[4] and (2)

---

the May 11, 2022 bench trial and entered the "Judgment and Notice of Entry of Judgment."

[2] Latu raises three points of error in his Opening Brief, which we have consolidated into two points for concision.

[3] In <u>Thompson</u>, 150 Hawaiʻi 262, 267-68, 500 P.3d 447, 452-53 (2021), the Hawaiʻi Supreme Court held that failure to comply with HRS § 805-1 renders a complaint "fatally defective," and that such a complaint cannot be used to support the issuance of an arrest warrant or penal summons.

[4] The challenged COLs state:

**1. The Requirements of HRS § 805-1 and *Thompson* Do Not Apply Where the State Did Not Seek an Arrest Warrant or Penal Summons Contemporaneously With the Filing of the Complaint.**

a. HRS § 805-1 is concerned with cases where the prosecution seeks an arrest warrant or penal summons contemporaneously with the filing of a complaint. Stated differently, the requirements of the statute do not apply where the defendant is already in custody or has posted bail/bond when a complaint is filed against them.

b. The text of HRS § 805-1 indicates that the statute is concerned with providing a mechanism for a person to be brought before the court, through the issuance of an arrest warrant or penal summons, to answer the allegations in a complaint.

c. In *Thompson*, the complaint at issue was the basis for the issuance of a penal summons. 150 Hawaiʻi at 264, 500 P.3d at 449. After the dismissal of the complaint was reversed by the Intermediate Court of Appeals ("ICA"), *Id.* at 266, 500 P.3d at 451, *Thompson* asserted "that the ICA erred in holding that a complaint used to seek a penal summons need not satisfy the requirements of HRS § 805-1." *Id.* at 267, 500 P.3d at 452. The Supreme Court agreed, holding that the requirements of the statute "apply to all criminal complaints, regardless of whether the State

Latu "was never properly arraigned before the District Court." (Footnote added).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Latu's points of error as follows, and affirm.

The following facts are from the District Court's unchallenged findings and the record.[5] On December 10, 2021, the Hawaiʻi Supreme Court issued a published opinion in <u>Thompson</u>.

---

uses the complaint to seek a penal summons or an arrest warrant." *Id.* (emphasis added); *see also Id.* [sic] at 270, 500 P.3d at 455 ("HRS § 805-1 does not distinguish between complaints for penal summons and complaints for arrest warrants. The ICA therefore erred in holding that the State need not comply with its statutory obligations simply because it sought a penal summons."). In other words, *Thompson* held that HRS § 805-1 applied to complaints for both penal summons and arrest warrants. It did not hold that the reach of the statute extends to cases where a complaint is not used to seek either.

d. Accordingly, HRS § 805-1 and *Thompson* do not apply to the instant case, where the prosecution did not seek an arrest warrant or penal summons contemporaneously with the filing of the Complaint.

**2. The Complaint in the Case Satisfies [Hawaiʻi Rules of Penal Procedure (HRPP)] Rule 7(d).**

a. Because the prosecution did not seek an arrest warrant or penal summons contemporaneously with the filing of this Complaint, HRPP Rule 7(d) is the dispositive rule that must be complied with.

. . . .

c. The Complaint e-filed by the State in the instant case complies with HRPP Rule 7(d) as it: (1) contains "a plain, concise and definite statement of the essential facts constituting the offense charged"; (2) was electronically signed by the prosecutor; and (3) cites the statute that Defendant is alleged to have violated. HRPP Rule 7(d).

[5]   "[U]nchallenged findings of fact are binding upon appellate courts." <u>State v. Rodrigues</u>, 145 Hawaiʻi 487, 497, 454 P.3d 428, 438 (2019) (citations omitted).

3

FOF 1. On December 17, 2021, Latu was arrested for OVUII and ordered to appear in the Wailuku District Court. FOF 2. On December 28, 2021, the State filed a Complaint with the declaration language provided by HRPP Rule 47(d):[6] "I [] declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief[.]" FOF 3. The State did not seek an arrest warrant or penal summons contemporaneously with the Complaint or at any time in this case. FOF 4.

On January 10, 2022, Latu filed a Motion to Dismiss, arguing that the Complaint was "fatally defective" pursuant to Thompson and HRS § 805-1,[7] which Latu construed as requiring a "Sworn Declaration signed by the Complainant," or "the signature of the Complainant." On January 18, 2022, the State filed a Memorandum in Opposition to the Motion to Dismiss, asserting

---

[6]      HRPP Rule 47(d), entitled "Declaration in lieu of affidavit" provides:

> In lieu of an affidavit, an unsworn declaration may be made by a person, in writing, subscribed as true under penalty of law, and dated, in substantially the following form:
>
> "I, _____, declare under penalty of law that the foregoing is true and correct to the best of my knowledge and belief.
>
> Dated:
>
> _____
> (Signature)"

[7]      HRS § 805-1 (2014) provides:

> **§805-1. Complaint; form of warrant.** When a complaint is made to any prosecuting officer of the commission of any offense, the prosecuting officer shall examine the complainant, shall reduce the substance of the complaint to writing, and shall cause the complaint to be subscribed by the complainant under oath, which the prosecuting officer is hereby authorized to administer, or the complaint shall be made by declaration in accordance with the rules of court. . . .

4

that the Complaint was sufficient under HRPP Rule 7(d),[8] and that HRS § 805-1 only applied to complaints for arrest warrants and penal summonses. The District Court denied the Motion to Dismiss at a hearing on January 27, 2022.

On February 23, 2022, the District Court filed its FOFs/COLs, in which it concluded in COL 1 that HRS § 805-1 and Thompson was not applicable where the State "did not seek an arrest warrant or penal summons." In COL 2, the District Court concluded that the Complaint satisfied HRPP Rule 7(d), as the Complaint contained "a plain, concise and definite statement of the essential facts constituting the offense charged"; was "electronically signed by the prosecutor"; and cited the "statute that [Latu] [was] alleged to have violated." (Internal quotation marks omitted).

On May 11, 2022, a bench trial was held. Prior to the start of trial, the District Court requested the prosecutor to "rearraign" Latu. Latu objected as follows:

> [DEFENSE COUNSEL]: -- for the record, I would like to object under Rule 7(a) of the Rules of Penal Procedure. A charge against a defendant must be an indictment, superseding indictment, an information, or complaint in court, provided that the accused is charged with an offense that has a max -- a maximum sentence of six months in prison, other than operating a vehicle under the influence of an intoxicant. So it is precluded from doing an oral charge. That's what Rule 7(a) says. So --

---

[8] HRPP Rule 7(d) provides in pertinent part:

**Rule 7. INDICTMENT, INFORMATION, OR COMPLAINT.**

. . . .

(d) **Nature and contents.** The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . A complaint shall be signed by the prosecutor. The charge need not contain a formal conclusion or any other matter not necessary to such statement. . . . The charge shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. . . .

5

THE COURT: So he's -- he's been provided with a written complaint. I'm just asking that that written complaint be read aloud to the Court and to Mr. Latu. You -- over your objection --

[DEFENSE COUNSEL]: Okay.

THE COURT: -- I'm going to allow the State to do -- I'm going to ask the State to do it. And I frankly can't conceive of what the prejudice to your client would be.

[PROSECUTOR]: On or about the 17th day of December, 2021, in the Division of Wailuku, County of Maui, State of Hawaii, Malusio Latu did intentionally, knowingly, or recklessly operate and/or assume actual physical control of a vehicle on a public way, street, road, or highway while under the influence of alcohol, in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty, and/or did, with .08 or more grams of alcohol per 210 liters of breath, operate and/or assume actual physical control of a vehicle on a public way, street, road, or highway, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant in violation of Sections 291E-61(a)(1) and/or 291E-61(a)(3), and subject to sentence -- to Sections 291E-61(b)(1) and 291E-61(b)(4) of the Hawaii Revised Statutes.

If convicted of this offense, Malusio Latu will be -- shall be subject to sentencing in accordance with Section 291E-61(b)(4) of the Hawaii Revised Statutes, where Malusio Latu was a highly intoxicated driver, to wit, a person whose measurable amount of alcohol was .15 or more grams of alcohol per 210 liters of breath or .15 or more grams of alcohol per 100 milliliters or cubic centimeters of blood at the time of the instant offense.

THE COURT: And to that charge, Mr. Latu has previously entered a plea of not guilty. The Court will confirm that not guilty plea.

After the trial, the District Court found Latu guilty of OVUII. This appeal followed.

**(1)** Latu argues that the District Court erred in denying the Motion to Dismiss because the Complaint was defective under HRS § 805-1, as no witness with direct observations of Latu's misconduct executed an "affidavit" or "declaration in lieu of the affidavit" to support personal knowledge of the alleged crime. Latu argues that the District

6

Court erred when it concluded in COLs 1 and 2, that the requirements of HRS § 805-1 and Thompson do not apply when the State is not seeking an arrest warrant or penal summons, and that the Complaint was sufficient because it complied with HRPP Rule 7. Latu's arguments are without merit, in light of State v. Mortensen-Young, 152 Hawaiʻi 385, 526 P.3d 362 (2023).

Whether a complaint complied with an applicable statute and/or rule is a question of law we review *de novo*. Thompson, 150 Hawaiʻi at 266, 500 P.3d at 451. "A trial court's ruling on a motion to dismiss charge is reviewed for an abuse of discretion." Id. at 266-67, 500 P.3d at 451-52 (internal citation, brackets, and quotation marks omitted) (quoting State v. Hinton, 120 Hawaiʻi 265, 273, 204 P.3d 484, 492 (2009)). COLs are reviewed under the "'right/wrong'" standard and will not be overturned when it is supported by the "'trial court's [FOFs] and . . . reflects an application of the correct rule of law[.]'" Mortensen-Young, 152 Hawaiʻi at 392, 526 P.3d at 369 (citation omitted).

In Mortensen-Young, the Hawaiʻi Supreme Court held that HRS § 805-1 applies only to criminal complaints used to obtain a penal summons or arrest warrant. 152 Hawaiʻi at 397, 526 P.3d at 374. In other cases, such as the OVUII prosecutions at issue in Mortensen-Young, HRPP Rule 7 provides the proper framework to analyze the sufficiency of complaints. Id. at 399, 526 P.3d at 376. In Mortensen-Young, the supreme court held that each of the appellees was properly charged with the offense of OVUII by a complaint signed by the prosecutor, pursuant to HRPP Rule 7(d), which does not require that a "'charging instrument in a misdemeanor case be signed by anyone other than a prosecutor'" or be "'subscribed under oath or made by declaration in lieu of an affidavit by anyone.'" Id.

Here, as in Mortensen-Young, HRS § 805-1 is inapplicable because the Complaint was not used to obtain a penal summons or arrest warrant. The Complaint set forth a concise and definite statement of the essential facts, was signed by the prosecutor, and referenced the statute that Latu allegedly violated, as required by HRPP Rule 7(d). The Complaint was sufficient to initiate the subject prosecution, and Latu's contention is without merit. See id. at 397, 399, 526 P.3d at 374, 376. COLs 1 and 2 were correct, and the District Court did not abuse its discretion in denying the Motion to Dismiss. See id. at 392, 526 P.3d at 369; Thompson, 150 Hawaiʻi at 266-67, 500 P.3d at 451-52.

**(2)** Latu argues that he was "never arraigned prior to trial"[9] and was improperly "orally arraigned at his trial." Latu claims that because he objected to the oral arraignment at trial, "informing the District Court that HRPP Rule 7(a)[10]

---

[9] As to Latu's contention that he was "never arraigned prior to trial," Latu does not point to "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]" Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(iii). On the day of trial, Latu objected to the State's reading of the Complaint on the grounds that the State was precluded "from doing an oral charge" for OVUII pursuant to HRPP Rule 7(a). Latu never argued below that an arraignment had to have occurred "prior to trial," and this argument is disregarded. See HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded."); State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal.") (citation omitted). Even assuming arguendo this argument was preserved, it nevertheless lacks merit. See State v. Kikuchi, 54 Haw. 496, 496-500, 510 P.2d 781, 781-83 (1973) (holding that because the defendant, who was represented by counsel, did not object to the lack of formal arraignment and plea prior to trial or at trial, but rather "postured himself as being not guilty of the accusation" and proceeded with trial, the defendant suffered no "prejudice" and such errors were harmless).

[10] HRPP Rule 7(a) provides in pertinent part:

> **(a) Use of Indictment, Information, or Complaint.** The charge against a defendant is . . . a complaint filed in court, provided that, in any case where a defendant is accused of an offense that is subject to a maximum sentence of less than 6 months in prison (other than

provides that a charge for OVUII[] cannot be orally charged," the error cannot be considered harmless, citing State v. Basnet, 131 Hawaiʻi 286, 318 P.3d 126 (2013).

The State argues that Latu was properly arraigned prior to trial pursuant to HRPP Rule 5(b)(1)[11] before the trial

_____

Operating a Vehicle Under the Influence of an Intoxicant) and is issued a citation in lieu of physical arrest pursuant to Section 803-6(b) of the Hawaii Revised Statutes and summoned to appear in court, the citation and an oral recitation of the essential facts constituting the offense charged as set forth in Rule 5(b)(1), shall be deemed the complaint, notwithstanding any waiver of the recitation. The prosecutor's signature upon the citation shall not be required.

(Emphasis added). Pursuant to HRPP Rule 7(a), an offense of OVUII cannot be orally charged, but must be charged by a filed complaint.

[11]     HRPP Rule 5(b)(1), entitled "Offenses Other Than Felony," provides in pertinent part:

(1) *Arraignment*. In the district court, if the offense charged against the defendant is other than a felony, the complaint shall be filed and proceedings shall be had in accordance with this section (b). A copy of the complaint, including any affidavits in support thereof, and a copy of the appropriate order, if any, shall be furnished to the defendant. . . . When the offense is charged by complaint, arraignment shall be in open court or by video conference when permitted by Rule 43. The arraignment shall consist of the reading of the complaint to the defendant and calling upon the defendant to plead thereto. . . . The arraignment shall consist of a recitation of the essential facts constituting the offense charged to the defendant and calling upon the defendant to plead thereto. The defendant may waive the reading of the complaint or the recitation of the essential facts constituting the offense charged at arraignment, provided that, in any case where a defendant is summoned to be orally charged by a citation as authorized by Rule 7(a), the recitation of the essential facts constituting the offense charged shall be made prior to commencement of trial or entry of a guilty or no contest plea. In addition to the requirements of Rule 10(e), the court shall, in appropriate cases, inform the defendant of the right to jury trial in the circuit court and that the defendant may elect to be tried without a jury in the district court.

(Emphases added). Thus, a district court arraignment for a non-felony offense proceeding by complaint requires that the arraignment "consist of a

began, because the Complaint was "previously electronically filed"; the prosecutor read the Complaint to Latu; and although the District Court entered a not guilty plea on behalf of Latu, there was no objection.  The State contends that:

> [W]here a complaint previously electronically filed and then read aloud to the defendant and defense counsel prior to trial with no request for a continuance by defense counsel or other indication of prejudice, the State asserts that HRPP Rule 7(a) has been complied with or, in the alternative, no prejudice has resulted and thus any error would be harmless[.]

"The interpretation of a court rule is reviewed de novo . . . ."  State v. Choy Foo, 142 Hawai'i 65, 72, 414 P.3d 117, 124 (2018) (citation omitted).

Latu's reliance on Basnet is unavailing.  In Basnet, the defendant was charged with a misdemeanor abuse charge, was arraigned in the family district court, and requested a jury trial at which point the case was transferred to the circuit court.  131 Hawai'i at 296-97, 318 P.3d at 136-37.  Basnet argued that the family circuit court failed to arraign him within fourteen days after the district court's oral order of commitment and after he requested a jury trial.  Id. at 293-94, 318 P.3d at 133-34.  Basnet objected to this error before the circuit court and throughout trial.  Id. at 297, 318 P.3d at 137.  The supreme court held that HRPP Rule 10(a),[12] which applies to a defendant held by district court and committed to

---

reading of the complaint to the defendant and calling upon defendant to respond thereto."  Id.

[12]    HRPP Rule 10, entitled "Arraignment in circuit court," provides in subjection (a) that:

> (a) A defendant who has been held by district court to answer in circuit court shall be arraigned in circuit court within 14 days after the district court's oral order of commitment following (i) arraignment and plea, where the defendant elected jury trial or did not waive the right to jury trial or (ii) initial appearance or preliminary hearing, whichever occurs last.

circuit court, requires that a "defendant be arraigned in circuit court after the order of commitment" and that because Basnet was not "arraigned in the family circuit court after the family district court's order of commitment" in 14 days, the family circuit court erred. Id. at 296, 318 P.3d at 136. The Basnet court further held that because Basnet maintained an objection to the lack of arraignment prior to and throughout trial, the error could not be considered harmless and Basnet did not need to prove that he was prejudiced by the error. Id. at 298, 318 P.3d at 138. Basnet is inapposite because Latu was not committed to circuit court, and HRPP Rule 10(a) does not apply.

Here, Latu was not orally charged for OVUII in open court and in violation of HRPP Rule 7(a), as Latu claims. Because Latu was charged with OVUII, a non-felony, HRPP Rule 5(b)(1) applied. The record reflects that the Complaint was electronically filed on December 28, 2021, and Latu did not argue below or on appeal that he did not receive a copy of the Complaint. Prior to trial, on May 11, 2022, the District Court requested the State to rearraign Latu in "open court," during which the prosecutor read the Complaint and the "essential facts" that Latu was charged with. The District Court then entered a not guilty plea on behalf of Latu.[13] The record reflects that there was no oral charge of OVUII in violation of HRPP Rule 7(a), and that the arraignment complied with the applicable rule, HRPP Rule 5(b)(1). See Choy Foo, 142 Hawaiʻi at 72, 414 P.3d at 124.

For the foregoing reasons, we affirm the (1) January 27, 2022 "Order and Notice of Entry of Order," (2) May 11, 2022

---

[13] The record reflects that after the prosecutor read the Complaint in open court, the District Court did not "call upon [] [Latu] to plead" and Latu did not respond to how he pled as required by HRPP Rule 5(b)(1); rather, the District Court entered a not guilty plea on behalf of Latu. Latu did not object to this below and does not raise this as an issue on appeal.

11

<u>**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**</u>

"Judgment and Notice of Entry of Judgment," and (3) February 23, 2022 "Findings of Fact, Conclusions of Law, and Order Denying [Latu]'s Motion to Dismiss," all entered and filed by the District Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, May 18, 2023.

On the briefs:

Gerald K. Enriques,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Matthew S. Kohm,
for Defendant-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge