**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000275
26-JUN-2023
08:32 AM
Dkt. 71 SO**

NO. CAAP-22-0000275

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALANA WILLIAMS, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-21-00989)


### SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Alana **Williams** appeals from the
**"Judgment** and Notice of Entry of Judgment" entered by the
District Court of the Second Circuit, Wailuku Division, on
March 18, 2022.[1]  For the reasons explained below, we affirm.

The facts relevant to this appeal are undisputed.  On
October 29, 2021, Williams was arrested in a parking lot in
Kīhei, Maui, Hawai'i for operating a vehicle under the influence
of an intoxicant.  On November 18, 2021, Williams was charged by
complaint with one count of Operating a Vehicle Under the
Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised
Statutes (**HRS**) § 291E-61(a)(1) and/or (3) and subject to HRS
§ 291E-61(b)(1) and (b)(4).  The complaint was signed by a deputy

---

[1]     The Honorable Christopher M. Dunn presided.

prosecuting attorney (**DPA**).  Williams pleaded not guilty on November 30, 2021.

A pretrial conference was held on December 17, 2021. The State orally moved to amend the complaint.  The motion was granted over Williams' objection.  On December 27, 2021, Williams filed a motion to dismiss for failure to comply with HRS § 805-1. An amended complaint was filed on December 28, 2021.  It contained a declaration by the DPA.  Williams' motion to dismiss was heard on January 20, 2022.  The motion was denied.  The district court entered "Findings of Fact, Conclusions of Law, and Order Denying Motion to Dismiss" on January 31, 2022.[2]

A bench trial was conducted on March 18, 2022. Williams was found guilty as charged.  The Judgment was entered on March 18, 2022.  This appeal followed.

Williams contends that the district court erred by denying her motion to dismiss the complaint and amended complaint.  She relies on State v. Thompson, 150 Hawaiʻi 262, 266, 500 P.3d 447, 451 (2021).  In Thompson, the supreme court held that HRS § 805-1 required that a criminal complaint be "subscribed by the complainant under oath . . . or . . . by declaration in accordance with the rules of court."  Id. at 267, 500 P.3d at 452.  But the supreme court later restricted its holding in Thompson, and held that HRS § 805-1 applies only to criminal complaints used to obtain a penal summons or arrest warrant.  State v. Mortensen-Young, 152 Hawaiʻi 385, 399, 526 P.3d 362, 376 (2023).[3]  "[T]he requirements of HRS § 805-1 do not apply to complaints used to charge a defendant who has already been arrested."  Id. at 397, 526 P.3d at 374.

Williams was arrested for OVUII and then charged by complaint.  Thus, Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 7(d) applies.  Mortensen-Young, 152 Hawaiʻi at 399, 526 P.3d

---

[2]    The Honorable Blaine J. Kobayashi presided.

[3]    Mortensen-Young was decided after briefing in this appeal was completed.

2

at 376.  HRPP Rule 7(d) requires that a complaint be signed by the prosecutor.  The complaint in this case was, as were the complaints at issue in <u>Mortensen-Young</u>, in compliance with HRPP Rule 7(d).  The district court did not err by denying Williams' motion to dismiss.  Williams asserts no other points of error.

For the foregoing reasons, the "Judgment and Notice of Entry of Judgment" entered by the district court on March 18, 2022, is affirmed.

DATED:  Honolulu, Hawai'i, June 26, 2023.

On the briefs:

Matthew S. Kohm,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge